## Blair *et al.* *versus* Boggs Township School District.

An injunction cannot be granted until the parties complained of have been served with a *subpœna* to appear and answer; until then, they are not in court.

By the 33d section of the Act of 8th May 1854, the board of directors of any school district in the state, are authorized to levy a special tax for purchasing ground and erecting school buildings thereon.

That section is a general one, and vests this power in boards of controllers in cities and boroughs, where the school property is vested in them; and in other cases, in the boards of directors.

APPEAL IN EQUITY from the Common Pleas of *Clearfield county*.

This was a bill for an injunction, to restrain the directors of Boggs School District, from collecting a special tax levied by them for the erection of school buildings.

The following is a copy of the bill filed :—

" To the Honorable the Judges of the Court of Common Pleas of Clearfield County.   In Equity.

" Humbly complaining, sheweth to your Honors, your orators John Blair, Thomas Ralston, P. Pollard, George James, Rudolph Litz, John Kephart, John R. Parks, Samuel Bell, *et al.*—That proceedings have been commenced, and a rule granted by the Court of Quarter Sessions of said county, on the school directors of Boggs Township School District, to show cause why they held their office, &c.—That the said directors or a portion of them, acting illegally and without authority, have laid a tax of twenty-four mills on the dollar: that they have made one Andrew Baughman, who is not a member of the board, treasurer and collector of the said tax; that said Andrew Baughman is an irresponsible man, and his bail owns no property in the township :—that the inhabitants of the said district have for years been paying heavy taxes which have been misapplied and lost by going into the hands of irresponsible parties :—that your orators are a committee appointed by a public meeting of the inhabitants of the said district to apply to your Honors for relief :—that if the said tax is collected it will be applied to purposes which your orators believe to be improper and unjust :—They therefore pray your Honors that the said directors and the said Andrew Baughman, may be restrained by the order and injunction of this Honorable court from collecting or receiving the tax so laid as aforesaid, until the said rule to show cause, and other proceedings, be determined by the said Court of Quarter Sessions, and your orators shall ever pray, &c."

The complainants thereupon, without issuing a *subpœna*, moved

[Blair *et al. v.* Boggs Township School District.]

for a special injunction; on the hearing of which motion, the only evidence before the court was the affidavit of John Blair, one of the complainants, that the bill or petition was true to the best of his knowledge and belief; the duplicate of the assessment; and the admission of the counsel for the defendants that they had levied and assessed eleven mills as a building tax within the district, for the current year.

On hearing, the court below granted an injunction to restrain the school directors from collecting the tax of eleven mills for building purposes; from which decree they appealed to this court.

*W. A. Wallace,* for the appellants.—No writ of *subpœna* was ever issued in this case, and the directors were not brought in by force of an interlocutory injunction: *Brightly's Eq.,* § 570.

This bill was filed as auxiliary to the proceeding in the Quarter Sessions, in which the directors were sustained. There being no prayer for general relief, and the prayer for special relief being disposed of by the failure of the proceedings in the other court, the court below had no further control over the cause: Thomas *v.* Ellmaker, 1 *Pars. Eq. Cas.* 114.; *Brightly's Eq.,* p. 426; 4 *Casey* 256.

The 33d section of the Act of 8th May 1854, *Brightly's Purd.* 1065, pl. 42, gives the power to levy a tax for building purposes to the controllers in cities and boroughs, and to the directors in rural districts. The superintendent of common schools, at the time this law went into operation, placed this construction on it, which has been endorsed by his successor; and this, although not binding, is yet worthy of attention: 1 *Harris* 291; 3 *Id.* 9.

*H. B. Swoope,* for the appellees.—The defendants had their day in court; and having appeared to the motion for an injunction, they waived the service of a *subpœna.*

The 33d section of the school law gives the power to levy a tax for building purposes, only to the directors or controllers in cities and boroughs. It is safer to adopt what the legislators have actually said, than to suppose what they meant to say: 1 *T. R.* 51; 6 *Binn.* 321; 2 *W. & S.* 159.

The opinion of the court was delivered by

STRONG, J.—In the court below, this was a bill in equity praying for an injunction to restrain the directors of Boggs township school district from collecting a tax levied in part for the purpose of building school-houses, and in part for the support of the common schools in that district. In accordance with the prayer of the bill, the defendants were enjoined against proceeding to collect

[Blair *et al. v.* Boggs Township School District.]

the tax levied for building purposes, and they have removed the case by appeal to this court.

The entire proceeding is exceedingly irregular, and cannot be sustained.' The bill prays for no process of *subpœna*. None was issued, and the record does not show that the party defendants were in court, or even had notice of the pending bill. How upon such a record an injunction could be decreed against the school directors of Boggs school district, we are not informed, and we are unable to discover.

But waiving this, and considering the case as if the defendants had been regularly in court, we do not perceive that levying a school tax for building purposes, is either contrary to law or prejudicial to the rights of the complainants. It is urged on their behalf, that such a tax is unauthorized by law.

The 33d section of the general school law passed May 8, 1854, is as follows: "The board of directors (or controllers in cities and boroughs, where the school property is vested in them agreeably to the provisions of section second) may at any time, not oftener than once in each school year, levy a special tax not exceeding the amount of the regular annual tax for such year, to be applied solely to the purpose of purchasing or paying for the ground and the building or erection of school buildings thereon; which said tax shall be levied and collected at the same time, in the same manner, and with like authority as the regular annual tax." The argument of the appellees is, that the board of directors spoken of in this section is only a board in a city or borough, and not one in any other district. It is quite clear, however, that this is a mistaken view of the Act of Assembly. Its design was to provide a general system of common school education in every city, borough, and township of the Commonwealth. To such a system, school-houses are indispensable, and their necessity was not overlooked by the legislature. It would have been unaccountable, if, with the thought of this necessity before them, they had made provision only for cities and boroughs, and wholly neglected all the townships in the Commonwealth. Yet, of such neglect they were guilty, if the construction of the appellees be the true construction. In no other part of the act than the 33d section, is any provision made for permanently raising the means to purchase ground and to erect school-houses. True, the directors are authorized to borrow money for such purposes. But this is a temporary expedient. Without the power to levy a special tax, such loans could never be reimbursed, for the general tax is limited by the act to an amount sufficient and necessary to keep the schools of the district in operation. The intention of the legislature to confer upon the directors of every school district, the power of levying a special tax for such purposes is, however, too apparent to need the aid of such a presumption. Without entering into a

[Blair *et al. v.* Boggs Township School District.]

minute analysis of the statute, it may be observed that there are two classes of duties created by it and imposed upon the officers for whose election provision is made. These duties are the care of the schools, and the care of school property. In *all* the townships, they are united and imposed upon the board of directors. In the cities and boroughs, the care of the schools is devolved upon the board of controllers, and that of the school property upon the ward directors. So long as any ward school district owns separate school property, the controllers have no authority over it, and no power to levy a tax either to build or to keep in repair. But when the school property of all the wards has been conveyed to the board of controllers, the ward directors cease to exist as a board, and both classes of duties are united in the board of controllers. It may also be remarked, that never, in the Act of Assembly, is the word directors used as synonymous with controllers. When, therefore, in the 33d section, power is given to levy a special tax for building purposes, it is not given to a board of directors in whom the school property has been vested agreeably to the provisions of section second, for there can be no such board of directors. It necessarily follows, that the words " when the school property is vested in them agreeably to the provisions of section second," were designed to refer only to controllers in cities and boroughs, and were introduced to distinguish them from other controllers to whom the school property of the wards had not been conveyed, and who had, therefore, nothing to do with the real estate of their districts. The term " board of directors" in that section is, therefore, unrestricted by any qualifications, and embraces that of every township as well as ward.

The tax levied by the defendants was, consequently, in strict accordance with the law, and they should not have been restrained from collecting it.

> The injunction granted against the School Directors of Boggs township is dissolved, and the bill dismissed at the costs of the appellees.