IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG 1867.

## West Donegal Township *versus* Oldweiler.

The Act of March 25th 1864 is to validate loans, &c., for bounties made upon an understanding and agreement with the local or municipal authorities; not those made upon any understanding or agreement of the parties themselves.

May 13th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Lancaster county*.

On the 21st of November 1864, Jacob G. Oldweiler and others petitioned the Court of Common Pleas of Lancaster county, stating that they had subscribed and paid money in pursuance of an agreement and understanding of a meeting of citizens of West Donegal township, held in January or February 1864, that if any persons subscribed money to raise volunteers under a requisition made by the President of the United States, and the state should pass a law authorizing the assessment of a tax, the money subscribed and paid should be refunded, and praying the court to award a mandamus against the school directors of the township, to assess and collect a tax for the purpose.

On the hearing of the petition, the evidence being conflicting, the court directed an issue to be framed between Oldweiler as plaintiff and the school directors as defendants, to determine certain facts which on the trial were submitted to the jury in the form of questions framed by the court. Two of the questions were the following:—

"1. Did the plaintiff subscribe or become personally liable to the payment of money, for the purpose of paying bounties to

5 P. F. SMITH—17 (257)

volunteers, under the late call of the President of the United States, who have been mustered into the military service and credited to such township, with the understanding or agreement that a law would be enacted to levy and collect a tax upon such township for the payment of such liabilities ?

" 2. Was there any agreement or understanding with any of the corporate authorities of the township that the amount subscribed was to be refunded, and a tax laid to raise the amount subscribed ?"

The jury found the first question in the affirmative, and the latter in the negative; and the court, Long, P. J., delivering the opinion, directed a peremptory mandamus to issue, commanding the school directors to assess and collect a tax to repay to the plaintiff his subscription.

On the trial the defendants submitted a number of points ; the opinion of the Supreme Court makes it unnecessary to state any but the following:—

1. The Act of 25th March 1864, relative to payment of bounties, requires that " the understanding or agreement" therein referred to, alleged in this case should be, that a law would be enacted to lay a tax upon West Donegal township, and have been entered into by the authorities thereof.

2. A portion of the citizens of a township, although all composed of tax-payers, and convened after due notice of the time and object of the meeting, and resolving to subscribe, and that a tax should be laid, cannot bind that district to levy such tax, and much less such a gathering and proceeding as the witnesses here have described.

To these points the court replied :—

" 1. It must be shown, to enable the plaintiff to recover, that there was an understanding, or agreement, that if a law was passed authorizing the township of West Donegal to lay a tax, that the plaintiff should recover the amount subscribed.

" 2. If there was a meeting of a portion of the citizens of West Donegal township, at which it was agreed and understood, that the amount then subscribed should be refunded, and the township taxed, and that was acquiesced in by the township, and the people acted generally with that understanding, it would bind the township ; but if there was no such general understanding at the meeting, there can be no recovery."

The court further charged :—

" With regard to the law we instruct you, that if it was agreed at the meeting of the 15th February 1864, and it was the understanding of those that then did subscribe, that those subscriptions were to be refunded and such meeting was convened by notice published or given at the different school-houses in the district, and the proceedings of such meeting acquiesced in by the

[West Donegal Township *v.* Oldweiler.]

people of the township, then your verdict should be in favor of the plaintiff."

The errors assigned in this court by the school directors, who took a writ of error, were, amongst others, the answers to the points and the above portion of the charge.

*T. E. Franklin* and *N. Ellmaker*, for plaintiff in error, cited Acts of March 25th 1864, Pamph. L. 85; August 25th 1864, § 2, Pamph. L. 987; Mifflin Township *v.* Learn, 3 P. F. Smith 180; Tyson *v.* Halifax Township, 1 Id. 9.

*A. H. Smith*, for defendants in error, cited the same acts, and Mifflin Township *v.* Learn, 3 P. F. Smith 180.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—The order of the court below for a mandamus upon the school directors rests upon a fundamental error. The whole scope of the Act of 25th March 1864 is confined to loans, subscriptions and payments of money for bounties made upon an understanding or agreement with the local or municipal authorities. It was not the intent of the legislature to validate loans or advances of money to procure volunteers upon any understanding or agreement of the parties among themselves. The first section of the Act of 1864, relied upon by the court below, does not support its opinion. The provision in it that all subscriptions paid and money borrowed with an understanding or agreement that a law would be enacted to levy and collect a tax upon the county, city, township, borough or ward, should be good and valid as if the same had been subscribed or borrowed by the corporate authorities of the same under the provisions of the act, was intended to validate the acts of these corporate authorities before the passage of the law. The section is retrospective, and its intention was to legalize what had been done by the local authorities in many parts of the state under the pressure of the "late" calls for troops. The following sections help to interpret the first in reference to the understanding or agreement, and when all are read together no doubt can rest upon the mind that it meant an understanding or agreement had with the corporate authorities. It would be unheard-of legislation, and contrary to our conceptions of right government, which would make the understanding of a few, or indeed of a good many persons, stand for the public will. The idea of the legislature seems to be that the engagements of the public authorities representing the public sentiment, done under the great strait then prevailing, though without the authority of law, should be fulfilled as acts of solemn plighted faith undertaken in a great emergency for the benefit of the people. We are not left to our reasoning alone leading to this conclusion, for the mind of the

[West Donegal Township *v.* Oldweiler.]

legislature is laid bare in the proviso to the 4th section, which declares that the provisions of the 1st, 2d, 3d and 4th sections of the act shall be so understood as to have reference only to such agreements and contracts as have been entered into "*by the authorities aforesaid*," subsequent to the 17th day of October 1863. This is a legislative declaration, not only of the time of making such agreements, but of the persons by whom they were made. The public authorities of West Donegal township never gave their assent to the subscription of Mr. Oldweiler and his co-contributors as claims upon the township. He and they had no understanding with the authorities, and therefore do not fall within the provisions of the Act of 25th March 1864.

The order of the court below directing a mandamus to issue is therefore annulled and set aside, and the petition of the applicant is dismissed with costs.