# Clouser et al., Appellants, *v.* Reading City et al.

*Taxation—License tax—Merchants — Grocers — Cities of third class—Municipalities—Constitutional law—Uniformity in taxation —Local or special and general laws—Classification—Acts of June 27, 1913, P. L. 568, and May 27, 1919, P. L. 310.*

1. Merchants may be taxed in one class of the cities of the State, although merchants of similar kind, in other municipal subdivisions of the Commonwealth, are exempt.

2. Unless the right to levy taxes upon different subjects in the different classes of municipalities of the Commonwealth is recognized, or if it should be determined that the objects of taxation in all municipalities of the State must be the same, then, their dissimilarity in circumstances, requirement and need, could not be recognized, and the result would be, a tax system so rigid that it would not yield to the differing requirements and necessities of the cities of the State, imperatively necessary to be recognized.

3. The Act of May 27, 1919, P. L. 310, amending the third-class city Act of June 27, 1913, P. L. 568, authorizing third-class cities to enforce a license tax on certain businesses, including grocers, and an ordinance passed in pursuance of such authority, are not local or special laws within the meaning of article III, section 7, of the Constitution; nor do they violate article IX, section 1, requiring uniformity of taxation, and that taxes shall be levied and collected under general laws.

Argued February 28, 1921. Appeal, No. 240, Jan. T., 1921, by plaintiffs, from decree of C. P. Berks Co., No. 1269, Equity Docket, 1920, dismissing bill in equity, in case of John E. Clouser et al. v. Reading City and George M. Madeira, Jr. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction to restrain enforcement of ordinance imposing license tax for general revenue purposes upon merchants, and specially "grocers" in the city of Reading. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiffs appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Joseph R. Dickinson,* for appellants.—Classification for purposes of taxation is not prohibited by the Constitution, but such classification is not permitted to effect what is essentially a local law: Durach's App., 62 Pa. 491; Ayars' App., 122 Pa. 266; Phila. v. Sheehan, 263 Pa. 449; Frost v. Cherry, 122 Pa. 417; Ruan St., 132 Pa. 257; Phila. v. Haddington M. E. Church, 115 Pa. 291.

*Wellington M. Bertolet,* City Solicitor, with him *Forrest R. Shanaman,* Assistant City Solicitor, for appellees.—The classification was proper: Com. v. Gilligan, 195 Pa. 504; Wheeler v. Phila., 77 Pa. 338; Pittsburgh v. Coyle, 165 Pa. 61; Roup's Case, 81* Pa. 211; Germania Life Ins. Co. v. Com., 85 Pa. 513; Com. v. Canal Co., 123 Pa. 594; Com. v. Emmers, 221 Pa. 298; Phila. v. Haddington Church, 115 Pa. 291; Com. v. Clark, 195 Pa. 634; Williamsport v. Wenner, 172 Pa. 173; Hadtner v. Williamsport, 15 W. N. C. 138; Altoona v. O'Leary, 254 Pa. 25.

The right and the power to classify the lines of business taxed is embraced in the power to levy the tax; and as a consequence when the city of Reading, by its ordinance, undertook to classify the business of merchants of various kinds, and other vocations, by a consideration of the amount of sales, it neither exceeded the just and reasonable powers of classification which are embraced in the grant of the power to levy the tax, nor violated the rule of uniformity: Fox's App., 112 Pa. 337; Com.

v. Oil Co., 157 Pa. 516; Williamsport v. Wenner, 172 Pa. 173; Com. v. Canal Co., 123 Pa. 594; Hadtner v. Williamsport, 15 W. N. C. 138.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1921:

This proceeding challenges the validity of an ordinance of the city of Reading, a city of the third class, providing for the collection of a license tax, for general revenue purposes, on certain trades, occupations and businesses carried on in that municipality. The act authorizing the levy of the tax was passed May 27, 1919, P. L. 310, and is an amendment to the general third-class city Act of June 27, 1913, P. L. 568. The statute as amended authorizes (art. 5, sec. 3, para. 4) cities of the designated class to levy and collect a license tax, for general revenue purposes, not exceeding one hundred dollars annually, on certain businesses, among others that of grocers (which is the business in which appellants are engaged) and stipulates that the taxes assessed shall be in addition to all other taxes levied and collected by the city.

The contention is, that the act and ordinance violate article III, section 7, of the Constitution, providing against the passage of local or special laws regulating the affairs of cities, and article IX, section 1, requiring uniformity in taxation, and that taxes shall be levied and collected under general laws. Tersely stated, appellants' position is that merchants cannot be taxed in one class of the cities of the State, when merchants of similar kind, in other municipal subdivisions of the Commonwealth, are exempt.

We think no good purpose would be served by a review of the authorities on the general question of the classification of cities, to demonstrate that the act in question is not a local or special law regulating their affairs; nor at this late day is it necessary to set up buttresses to reinforce the doctrine that the taxing power of the Commonwealth is vested absolutely in the legislature, with

no other limitation upon its exercise than the constitutions, State and federal, and the laws of the United States, which power may be delegated to the municipalities of the State (Penna. R. R. Co. v. Pittsburgh, 104 Pa. 522, 540). The legislature created cities of the third class by the Act of May 23, 1874, P. L. 230, and delegated to them the power to tax, among others, grocers, so that for more than four decades this power has existed without challenge on the ground now urged, and this right was carried forward into each succeeding third-class city act.

The reason for classifying the various cities of the State for the purposes of legislation because of similarity of situation, circumstances, requirement and convenience, in order that they may have their public interests best subserved, was set forth in Commonwealth v. Gilligan, 195 Pa. 504. Unless the right to levy taxes upon different subjects in the different classes of municipalities of the Commonwealth is recognized, or if it should be determined that the objects of taxation in all municipalities of the State must be the same, then, their dissimilarity in circumstances, requirement and need could not be recognized, and the result would be, a tax system so rigid that it would not yield to the differing requirements and necessities of the cities of the State, imperatively necessary to be recognized. What would yield a barren revenue in the smaller cities, might produce a too abundant one in those of larger size and dissimilar interests. The ordinance in question treats all the grocers in Reading alike, and the fact that other grocers, in other municipal divisions of the State, may be taxed differently, or not at all, makes no difference in legislating for the class of cities to which Reading belongs. The argument that the act in question is local, because some cities of the named class may tax grocers, while others of the class may not, was met and disposed of in Jermyn v. Scranton, 186 Pa. 595, wherein it was said, answering a like contention there made, "But this difference is not

radical or fundamental to the existence of the power, it relates only to the difference in the existing conditions in the different cities." The same argument could be made against the levy of general taxation if the rates differed in the different cities as they do.

An ordinance almost exactly similar to the one under consideration, was held valid in Williamsport v. Wenner, 172 Pa. 173; while it is true the attack there made was not upon the same line as the present one, the decision was broad enough to cover the question now raised. The Act of 1919, and the ordinance passed in pursuance of it, do not violate the Constitution, and the learned chancellor who determined this cause below did so correctly.

The decree is affirmed at appellants' cost.