## Rollerdromes of America, Inc. v. Garnet Valley School District

*James L. Rankin* and *Robert J. Shenkin,* for plaintiffs.

*Andrew J. Forbes,* for defendant.

JEROME, *J.,* July 23, 1974—Plaintiffs commenced this action in equity seeking to have declared null and void an amusement tax passed by the Garnet Valley School District, hereinafter called school district. They also seek to restrain the collection of any taxes thereunder in the interim.

Plaintiffs contend that the basis for the relief sought is that the resolution is unconstitutional. Further, plaintiffs also argue that certain procedural defects in the enactment were present justifying the relief. From the testimony presented, the court makes the following:

## FINDINGS OF FACT

1. Defendant is a school district of the third class located in Delaware County.

2. Plaintiffs are various corporate business entities conducting businesses within the defendant school district.

3. On June 11, 1973, defendant adopted an amusement tax resolution imposing a tax of ten percent on the established prices charged by said businesses to the general public. A true and correct copy of the resolution is contained in the record papers attached to plaintiffs' complaint.

4. The first action taken by defendant relating to an amusement tax is shown on the following statement contained in the minutes of the directors' meeting of May 8, 1973:

"The proposed amusement tax was discussed at some length and the secretary read the Solicitor's letter explaining the tax. V. Forchetti moved that the Board advertise its intent to enact an amusement tax of ten percent on admissions. This motion was seconded by J. Davis and approved on a role call vote as recorded under Motion Number Three, with all directors present voting 'aye' except D. Heyburn, who voted 'nay'."

5. Defendant will not collect the tax from establishments offering dancing and entertainment in addition to food service unless a specific additional

charge is made for the provision of that dancing and/or entertainment.

6. The sole purpose stated in the notice and call of the meeting of the board of school directors of defendant was "to approve budget" and for no other purpose.

7. Defendant has threatened plaintiffs with criminal sanctions for failure to comply with the provisions of the resolution enacted on June 11, 1973, imposing an amusement tax.

## DISCUSSION

The initial question raised is whether or not equity has jurisdiction to determine the issues raised by plaintiffs. Defendant contends that the exclusive remedy of plaintiffs is provided by the Act of December 31, 1965, P.L. 1257, 53 PS §6901, also known as The Local Tax Enabling Act. Specifically, this section provides for local taxpayers to challenge the passage of an act within 30 days from the date of its adoption. Defendant contends that this is the exclusive remedy for testing the propriety of the procedures used in enacting the resolution, and, no such appeal having been taken, plaintiffs cannot challenge the act by this equity proceeding.

Initially, it should be noted that it is not sufficiently clear that plaintiffs could have proceeded under section 6 of The Local Tax Enabling Act. There is no doubt but that plaintiffs do not represent interests totaling 25 percent of the valuation of the real estate in the Garnet Valley School District. Further, assuming plaintiffs in good faith were unable to muster the requisite 25 percent of the agreed taxpayers as set forth in the statute, they were apparently foreclosed from challenging that tax

under the statute and hence had no statutory remedy: Alco Parking Corp. v. Pittsburgh, 453 Pa. 245, 307 A. 2d 851 (1973). In this regard, it is defendant's burden to show the existence of an adequate remedy and there is no testimony on the record to indicate that plaintiffs could have availed themselves of the remedy which defendant now maintains in its brief was available.

This position is not novel. See Star Theater v. School District of Millcreek Township, 32 Erie 189 (1948). This case challenged the constitutionality of a school district resolution imposing a tax upon admissions to places of amusement within the township limits. At page 190, we find this significant statement in the opinion of Judge Laub:

"It is contended by the defendant that the plaintiff has an adequate remedy at law in that the enabling act of 1947, June 25, P.L. 1145, which confers upon defendant the right to impose the tax, makes provisions for an appeal by certain aggrieved taxpayers. It is further maintained that the court is without power to restrain the collection of taxes by injunction. There is no merit in these latter contentions since the appeal clause above referred to does not provide an adequate remedy as to individuals in the same class as the plaintiff, and for the further reason that the law plainly confers upon a plaintiff the right to go into equity to restrain an attempted taxation for want of power to tax: English v. Robinson Township School District, 358 Pa. 45, 55."

Aside from the fact that the above cited section of The Local Tax Enabling Act might not have been available to plaintiffs, it should be noted that the existence of said act is not an exclusive remedy to deny equity jurisdiction. Thus in the case of Lynch

v. O. J. Roberts School District, 430 Pa. 461 (1968), our Supreme Court stated:

". . . While we agree with the general proposition that equity will not entertain an action where plaintiff has an adequate, statutory remedy at law, we also acknowledge the presence of an exception to that doctrine, existing where a taxing statute is made the subject of a constitutional challenge.

" 'The teaching of our case law is that, where the controversy involves a challenge to the constitutional validity of a taxing statute or ordinance, such a controversy falls within the general class of cases wherein equity does have jurisdiction and competency to act.' ": 430 Pa. at 465.

In the above case, the Supreme Court indicated that the rule was applicable even where there was a specific statutory remedy clearly shown. The court then went on to decide the case on non-constitutional, rather than constitutional grounds. In this regard it stated:

". . . Finally, we note that the equity court, having once obtained jurisdiction because of the presence of a constitutional challenge to a taxing statute, may also dispose, as did the lower court here, of non-constitutional challenges as well.": 430 Pa. at 466.

We determine that equity has jurisdiction. We now must consider the merits of plaintiffs' position. As indicated previously, they make a two-fold attack on the resolution. The first concern is alleged procedural defects in its enactment. Section 4 of The Local Tax Enabling Act (53 PS §6904) sets forth the requirements for advertisement of intention to adopt a tax. It is contended that the school district, in adopting a taxing resolution, failed to

comply with this section, thereby invalidating the tax.

It has long been the law of the Commonwealth that a tax assessment must depend for its validity upon the statute and that such statute will not be extended by construction to things not directly named or described therein. See Jones v. Pittsburgh, 176 Pa. Superior Ct. 154 (1954).

Further our Supreme Court has indicated that resolutions which purport to levy or assess taxes are subject to a strict construction and any doubt as to the imposition of a tax is resolved against the taxing authority. See Glendale Heights Ownership Association v. Glenolden Borough School District, 393 Pa. 485 (1958).

In reviewing the notice of the school board meeting set forth above it is clear that the "intention" to pass the amusement tax resolution in question is not set forth. The specific language of the notice to the effect that the school board would "consider the adoption" is not the equivalent of the statutory requirement that the school board shall "give notice of the intention to pass" the particular resolution. Counsel for plaintiff has outlined various definitions of the terms "consider" and "intent" and, without detailing the definitions, it is clear that the terms are not synonymous. The word consider means to fix the mind on with a view toward careful examination. The word intention means the determination to act in a certain way or to do a certain thing.

In addition to the above statute requiring that notice be given of the intention to pass such resolution, it is also required that the notice set forth "the substantial nature of the tax." The word substantial means ample; of considerable value, with re-

gard to the essential elements; of or having substance. See Webster's New World Dictionary.

The public notice as stated above makes no statement or reference to any of the following essential portions of the taxing resolution:

1. The 20 defined forms of amusement.

2. The meaning of "established prices" upon which the tax will be imposed.

3. A description of the term "places of amusement" of which about 36 are specifically named.

4. That the tax is levied upon the privilege of attending or engaging in amusements.

5. That the tax is levied at the rate of ten percent on the established price.

6. That the tax will be paid by the person acquiring the privilege.

7. No reference is made to the exemptions listed in the tax resolution.

8. The fact that the tax is to be collected by the producers as agents for the school district.

Failure to make reference to these essential elements of the resolution is not in compliance with the statutory requirement of setting forth the substantial nature of the tax and represents another deficiency in the enactment process involved herein.

As indicated previously, the validity of a tax assessment such as the one here in question depends upon the statute and, in following said statute, strict compliance is required. In the case of Henry et al. v. Borough of Ambridge, 22 Beaver 152 (1960), the court stated (at p. 155):

"For the purpose of argument it must be conceded as a fact that the defendant borough did not advertise its intention to enact the tax ordinance in

question. Unless the statutory requirement for advertising the intent is complied with, certainly there was a lack of power to pass the ordinance, the statutory requirement being mandatory and in the nature of a condition precedent."

Defendant argues substantial compliance with the statute. However, a review of the notice contained in the newspapers falls far short of even substantial compliance.

In view of our determination on the non-constitutional issues involved herein, there is no need to make any decision on the constitutional questions raised by plaintiffs with regard to the exemptions granted and also with regard to the alleged lack of uniformity. We therefore make the following

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter of the parties.

2. The public notice of the meeting of the Garnet Valley School Directors on June 11, 1973, was not sufficient notice of intention to pass the amusement tax resolution as required in section 4 of The Local Tax Enabling Act (53 PS §6904).

3. The public notice of the meeting of the Garnet Valley School Directors on July 11, 1973, did not set forth the substantial nature of the amusement tax resolution as required by section 4 of The Local Tax Enabling Act (53 PS §6904).

4. The Garnet Valley School District has failed to comply with the mandatory provisions of The Local Tax Enabling Act with respect to notice of its intention to enact the amusement tax, and of the substantial nature of the proposed tax and, therefore, the proposed tax is invalid, void and unlawful, and

the Garnet Valley School District is restrained from collecting the amusement tax imposed under the resolution of June 11, 1973.

We therefore make the following

### DECREE NISI

And now, July 23, 1974, it is hereby ordered and decreed as follows:

1. The amusement tax resolution passed by the Garnet Valley School District on June 11, 1973, be and the same is hereby declared void and of no effect.

2. The Garnet Valley School District is hereby enjoined and restrained from collecting any amusement taxes under said resolution.

3. The prothonotary shall give notice of the filing of this adjudication to the parties through their attorneys with notice that if no exceptions are filed within 20 days from the date hereof a final decree will be entered.