County of Lawrence *v.* Robert E. Foht, County Controller of Lawrence County, Appellant.

Argued October 4, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*Chris J. Mitsos,* with him *Glenn McCracken, Jr.,* and *Braham, Mitsos & McCracken,* for appellant.

*Frank G. Verterano,* for appellee.

OPINION BY JUDGE BLATT, January 30, 1978:

This is an appeal from an order of the Court of Common Pleas of Lawrence County directing Robert E. Foht (Appellant) to repay to the County of Law-

rence (County) the salary which was paid to him for serving as Secretary of the County Retirement Board while he was also serving as County Controller.

The Appellant has been Secretary of the Retirement Board since 1950 and County Controller since January 1964, drawing compensation for both offices since 1964. In 1975 the County Solicitor rendered an opinion that Act 113 of 1971[1] prohibited the County Controller from receiving any compensation above that fixed for the office of Controller by that act, and he held that the additional annual payments made to the Controller as Secretary of the Board violated Article III, Section 27 of the Pennsylvania Constitution which forbids post-election increases in salary. On appeal to the Court of Common Pleas of Lawrence County, the case was submitted upon an agreed statement of facts, and the Appellant was directed by the Court to repay his total salary in the amount of $13,-224.00 for serving as Secretary of the Retirement Board for the years 1972 to 1975, inclusive. It is this order from which the Appellant here appeals.

The County Pension Law,[2] which was enacted in 1971, provides that the Controller shall be the Secretary of the Retirement Board, and that for such services he shall receive a salary fixed by the County's salary board. Act 113, however, which was enacted later in the same year, restricts the salary of all county officers to the amount prescribed in *that* statute, whether for services performed for the county or for any other governmental unit and further provides that all fees and commissions received in the conduct of any county office be paid directly to the county. Section 4 of the earlier enacted County Pension Law provides that Retirement Board members are not to

[1] Act of November 1, 1971, P.L. 495, 16 P.S. §11011-1 et seq.
[2] Act of August 31, 1971, P.L. 398, 16 P.S. §11651 et seq.

receive any compensation, but Section 5 of that Law provides:

> The county controller or the chief clerk of the county, as the case may be, shall be the secretary of the board. . . . The compensation of the secretary shall be fixed by the salary board or council, as the case may be.

16 P.S. §11655.

Appellant argues, therefore, that the legislative intent was clearly to provide additional compensation for the controller for serving not as a member but as Secretary of the Retirement Board. The County argues, however, that the provision in the County Pension Law for additional compensation is inconsistent with and therefore superseded by Act 113 and that the County Controller is prohibited from receiving any compensation above that fixed for controller by Section 12 of Act 113 which provides in pertinent part:

> (a) The county officers shall be paid only the salary provided herein for services performed for the county or any other governmental unit. . . .

16 P.S. §11011-12(a).

The resolution of the apparent statutory conflict here is obviously a matter of statutory construction, and the Statutory Construction Act of 1972[3] provides:

> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

1 Pa. C.S. §1921.

It appears here that the legislature, while providing in the County Pension Law that Retirement Board members are to receive no compensation, has also pro-

---

[3] 1 Pa. C.S. §1501 et seq.

vided in the same statute that the *Secretary* of the Board (who is required to be the County Controller) *shall* receive compensation in the form of a salary. It seems, therefore, that the intent of the legislature in enacting this County Pension Law was to provide for additional compensation for the Controller for his duties performed as Secretary of the Retirement Board. As to whether or not this intent can be given effect in light of the language in Act 113, however, we must note that the legislature has provided for two separate positions (*i.e.*, County Controller being one, and Secretary of the Retirement Board being the other) and that it has specifically set the amount of the controller's salary, while section five of the County Pension Law provides that the compensation of the Secretary of the Retirement Board shall be fixed by the salary board or council.[4] It is true that the secretarial position is statutorily imposed upon the Appellant as the Controller, and it is also true that there is a recognizable distinction between the respective duties of the two positions, for the Controller supervises the county's fiscal affairs while the Secretary of the Retirement Board maintains records of the Board proceedings.[5] We believe that, while Section 12 of Act 113 may be read to provide that a county controller shall

---

[4] Act 113 provides in pertinent part:

The annual salaries of county controllers and auditors shall be as follows:

. . . .

(5) Counties of the fifth class . . . [$]16,000.

16 P.S. §11011-4.

The County Pension Law provides in pertinent part:

The compensation of the secretary shall be fixed by the salary board or council, as the case may be.

16 P.S. §11655.

[5] The duties and functions of the County Controller are defined in the County Code as follows:

be paid only the salary provided therein for the duties as prescribed for that office, it may also be interpreted as not prohibiting the Appellant as Controller from receiving additional compensation as Secretary of the Retirement Board, for, in this latter capacity he would be performing duties wholly separate from and in addition to his duties as Controller.

The County argues further that the Controller's salary received as Secretary of the Board should be returned to the County pursuant to Section 12(b) of Act 113 which provides in pertinent part:

(b) [A]ll fees and commissions received in the conduct of any county office shall be paid directly to the county.

16 P.S. §11011-12(b).

There is, however, an obvious difference between "fees and commissions," such as were common under the former fee system, and "salaries" as now legislatively prescribed for county officers. "Salaries are fixed compensations based on services for definite and regular periods of time and paid at regular and fixed intervals while fees are compensation for particular services rendered at irregular and uncertain periods." *City of York v. Reihart,*    Pa.   ,   , 379 A.2d 1328, 1332 (1977). It is apparent that the compensation received by the controller in his official capacity as Secretary of the Retirement Board is not a fee or com-

_____

[T]he Controller shall supervise the fiscal affairs of the county including the accounts and official acts relating thereto of all officers or other persons who shall collect, receive, hold or disburse the public moneys of the county. The discretionary powers of the controller shall not be applicable to the management of the fiscal policies of the County Commissioners or to matters not involving the accounts and transactions of officers or other persons of the county.

Act of August 9, 1955, P.L. 323, 16 P.S. §1702.

mission. We believe, therefore, that Section 12(b) of Act 113 does not require the Appellant to return to the County the compensation received as Secretary of the Board.

The framed issues raise the final question as to whether or not the annual increases of compensation paid to the Appellant as Secretary of the County Retirement Board are in violation of Article III, Section 27 of the Constitution of Pennsylvania, which provides in pertinent part:

> *Changes in term of office or salary prohibited*
> No law shall extend the term of any public officer, or *increase* or diminish his *salary* or emoluments, after his election or appointment. (Emphasis added.)

It is a rule of statutory construction that, when a statute may be given two constructions, one constitutional and one unconstitutional, the former must be applied. *Pittsburgh Coal Co. v. Sanitary Water Board*, 4 Pa. Commonwealth Ct. 407, 286 A.2d 459 (1972). We believe that, upon his election as Controller in 1971, the Appellant here became entitled to the salary then legislatively prescribed for the position of Controller, and, because of the additional requirement of the County Pension Law that he serve as Secretary of the Retirement Board, he also became entitled to the additional and separate compensation provided for the Secretary of the Retirement Board. The constitutional provisions herein cited are, therefore, not violated.

We must, therefore, reverse the order of the lower court.

## ORDER

AND Now, this 30th day of January, 1978, we hereby reverse the order of the Lawrence County Court of Common Pleas.