Country Paradise Park, Inc., Appellant *v.* Township of Sugarcreek, Appellee.

Submitted on briefs October 8, 1981, to President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Blair F. Green, Green and Bish,* for appellant.

*George R. Kepple,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 2, 1982:

Country Paradise Park, Inc., appeals an Armstrong County Common Pleas Court decision holding that

Sugarcreek's Township amusement tax[1] was constitutional. We affirm.

Paradise Park's facilities are used for auctions, camping and country-western musical shows. Paradise Park paid amusement tax on the musical shows in 1976, 1977 and 1978. When the taxing ordinance was amended in 1979 to raise the tax to 5% of the admission price, Paradise Park brought this suit.[2]

Paradise Park's attack on this ordinance is based on three grounds: (1) Section 2 of the ordinance is unconstitutionally vague; (2) in the alternative, if Section 2 is not vague, Paradise Park is excluded by its definition; and (3) it is the only enterprise taxed under this ordinance in violation of the uniformity clause of the Pennsylvania Constitution.[3]

Section 2 of Sugarcreek's amusement tax ordinance reads:

> Any facility ... which operates primarily as an amusement facility shall be subject to the payment of an amusement tax to and for the use of this township.

"[A] party challenging the constitutionality of a statute has a heavy burden to rebut the presumption of constitutionality and ... all doubts will be resolved in favor of sustaining the legislation." *Daly v. Pennsylvania State Horse Racing Commission*, 38 Pa. Commonwealth Ct. 77, 81, 391 A.2d 1134, 1136 (1978).

---

[1] This ordinance was enacted pursuant to the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, §1, 53 P.S. §6901.

[2] Under the ordinance, the 5% is "a tax on the privilege of operating facilities for amusement purposes" and, under Section 3 of the ordinance, the 5% is added to the admission price.

[3] Art. 8, §I of the Pennsylvania Constitution requires:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

Paradise Park asserts that the phrase "operates *primarily* as an amusement facility" is so vague as to render this ordinance unconstitutional. Because Paradise Park has failed to meet its burden of proof to overcome the presumption of constitutionality, we must disagree.

When a statute is susceptible to two different interpretations, this Court must opt for the interpretation which will sustain the constitutionality of the statute. *County of Lawrence v. Foht*, 33 Pa. Commonwealth Ct. 379, 381 A.2d 1348 (1978). We agree with the lower court's conclusion that Section 4 of the ordinance, when read in conjunction with Section 2, clearly defines who will be subject to this tax.

Section 4 reads:

The amusement tax shall be imposed on any facility which charges an admission price and operates as a place of amusement for the public at large. Such facilities include, but are not limited to, swimming pools, country clubs, golf courses, fairs, exhibitions, carnivals, sporting events, hotels, restaurants and any other facility providing live entertainment, bowling alleys and skating rinks. The tax shall not be levied against fees charged as rentals for real property to be used for camping purposes and motion picture theatres.

The criteria for application of this tax are that the facility (1) must charge an admission price and (2) must operate as a place of amusement for the public. Because this tax has only been imposed on the country-western musical shows at Paradise Park, it is clear that Paradise Park falls within this ordinance.

Paradise Park asserts that this tax is unconstitutional because it is not uniformly applied, contending that it is the only enterprise subject to this tax. Again, we must disagree.

In *English v. Robinson Township School District*, 358 Pa. 45, 55 A.2d 803 (1947), in addressing a uniformity challenge to a tax statute, our Supreme Court stated:

> The mere fact ... that the plaintiffs are at the present time the only parties engaged in the business in question does not make the resolution less general; if a second miner started in the same business tomorrow his product would immediately be subject to the tax.

*Id.* at 53, 55 A.2d at 808. Here, Paradise Park asserts that there are others in the Township, such as pool halls and bingo games, which are amusements and should also be subject to this tax. However, the record contains no evidence that these operations charge an admission price as required by the ordinance. Since the record does not indicate that other enterprises meet the categories defined in Section 4 of the ordinance, we can find no constitutional infirmity from the mere fact that Paradise Park is the only operation taxed under this ordinance.

Affirmed.

ORDER

The decision of the Armstrong County Common Pleas Court, No. 1980-0737, dated January 13, 1981, is affirmed.

Judge PALLADINO did not participate in the decision in this case.