Erie County *v.* Sterling et al., Exrs., Appellants.

Argued October 1, 1935.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Henry MacDonald,* with him *Henry E. Fish,* of *Gunnison, Fish, Gifford & Chapin,* for appellants.

*S. A. Sisson,* for appellee.

OPINION BY MR. JUSTICE DREW, November 25, 1935:

Defendants, executors of the estate of Willis B. Sterling, have appealed from the order of the court below affirming an assessment of personal property tax against the estate, as fixed by the Board of Revision and Appeals of Erie County. The assessment, made in 1934, was for the years 1928, 1929 and 1930, for which years no returns had been made or tax paid by decedent or his executors. In accordance with the county's practice of levying a tax for the year of death and the preceding year, an assessment had been made in 1932, the year of decedent's death. That assessment, based upon negotiations between the county and the executors and upon a return filed by the latter, was for the years 1931 and 1932 only. The tax for those years was duly paid by the executors without protest. The present appeal is from the second assessment, made in 1934 and covering the years 1928, 1929 and 1930.

A single question is raised by the appeal: What is the proper construction of the phrase "any former year or years, not exceeding five years," in section 5 of the Act of June 17, 1913, P. L. 507, as finally amended by the Act of June 12, 1931, P. L. 544? That section, as finally amended, provides in part: "That in cases where, by the refusal or failure of any taxable person . . . to make return, a return has been made by the assessor which is incomplete and a penalty has been added by the county commissioners or board of revision of taxes, or a return so made and no penalty added, or where by such refusal or failure, no return has been made either by him or it or by the assessor, such action shall not estop the county commissioners or board of revision of taxes from the assessment and collection, from him or it or from the

estate of any deceased person so failing or refusing, of any tax or additional tax due whenever the facts may become known; and it shall be the duty of the county commissioners or board of revision of taxes to assess or reassess any such personal property for any former year or years, not exceeding five years, and collect the tax or the balance of the tax which should have been paid." The court below was of the opinion that the limitation of five years was "a limitation as to number of years and not as to the time for action," and apparently concluded that the county was therefore entitled to assess for any former year or years, whether ten, twenty-five or fifty years prior to the year of assessment, the only limitation being that it could not assess for more than five years altogether.

We cannot agree with that conclusion. The plain meaning of the act is that the assessment shall be for any one or more of the five years prior to the year of assessment, and that the assessment is therefore limited to the five years immediately preceding the year of assessment. The construction adopted by the court below would lead to wholly unjust results, since under it a county might assess property as of forty or fifty years prior to the date of the assessment, when the then nature and value of the property had become obscured by the passage of time. As was said by Mr. Justice SERGEANT in Foulk v. Brown, 2 Watts 209, at page 215, "No person ought to be permitted to lie by whilst transactions can be fairly investigated and justly determined until time has involved them in uncertainty and obscurity, and then ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of a past age, and often regardless of them. Papers which our predecessors have carefully preserved are often thrown aside or scattered as useless by their successors. It has been truly said that if families were compelled to pre-

serve them, they would accumulate to a burthensome extent."

Our construction of the phrase in question is confirmed by an examination of its history. Before the enactment of the Act of May 31, 1923, P. L. 474, which amended section 5 of the Act of 1913, supra, we had held, in Schmuck v. Hartman, 222 Pa. 190, that no tax could be assessed or reassessed by a county on personal property after the year in which the assessment was first made or should have been made and the tax paid. The Act of 1923, supra, permitted such assessment or reassessment "for any former year or years," without limitation. Further amendment was made by the Act of May 13, 1927, P. L. 985, however, whereby the limiting words "not exceeding five years" were added to the phrase "any former year or years." Undoubtedly the legislature, having first made all former years available for assessment or reassessment, concluded that the difficulty of contesting assessments for years long since past at the time of assessment was too great, and therefore decided upon a five-year limitation. It would be altogether unreasonable to suppose that the limitation was intended to restrict simply the number of former years which the county could choose for assessment or reassessment, without limiting the time beyond which it could go in making such assessment. The purpose of the limitation was plainly to confine assessment for former years to the five years immediately preceding the year in which the assessment was made.

The language of the act limits the assessment to "any *former* year or years, not exceeding five years." The use of the word "former" clearly excludes the year of assessment, and the period contemplated is therefore the five-year period immediately preceding, and exclusive of, the year of assessment. Accordingly, the assessment made in 1934 was proper in so far as it covered the years subsequent to 1928. The year 1928 was improperly in-

cluded, however, and to that extent the order of the court below was erroneous.

The order of the court below is reversed and the record is remitted for the entry of a decree in accordance with this opinion.