City of Philadelphia v. Kolb

*Abraham Wernick*, assistant city solicitor, for plaintiff.
*Daniel C. Donoghue*, for defendant.

HEILIGMAN, J., June 19, 1937.—The City of Philadelphia brought this suit against Louis J. Kolb to recover personal property taxes in the amount of $58,308.30, alleged to be owing by defendant for the year 1930. There were several statements of claim filed, but in the one filed April 16, 1937, the city averred that on September 10, 1929, a blank form was mailed to defendant for the purpose of enabling defendant to make a return of his personal property subject to tax, on which form was printed a notice that if the return was not made within 10 days the amount of defendant's property subject to tax would be estimated by the assessor, to which estimate would be added a 50 percent increase as a penalty. The statement further avers that defendant received such blank form and notice, but did not make a return, whereupon the assessor, on October 15, 1929, made an estimated return of $12,974,645.63, on which the assessed tax, together with additional penalties and advertising costs, amounts to $58,308.30.

The affidavit of defense denies, upon recollection, belief, diligent search and inquiries, that defendant received such blank form or the notice to file a return within 10 days. He further denies that the estimated return in its base amount or in the amount with penalty is "fair" but, on the contrary, avers that he is willing to make a return "for the amount actually returnable by me as taxable personal property", and that such return would "reflect a taxable valuation of between $1,500,000 and $2,-000,000."

Taxes must be assessed and collected in the manner provided by the statutes authorizing the tax: Schmuck v. Hartman, 222 Pa. 190, 195; but, once taxes have been

assessed in the manner and form provided by the statutes, the assessment cannot be attacked in a proceeding to collect the tax: Stratford v. Franklin Paper Mills Co., 257 Pa. 163, 166. In the Act of June 17, 1913, P. L. 507, as amended by the Acts of May 31, 1923, P. L. 474, and May 13, 1927, P. L. 985, the manner of assessing and collecting the personal property tax is set forth. Section 2 requires the assessors to "furnish" a copy of the blank forms to every taxable person, "upon which blank" each taxable person shall make his return annually. Section 5 provides:

"That upon the refusal or failure of any taxable person . . . to make a return . . . within ten days after being notified so to do, it shall be the duty of the assessor to make a return for such taxable person . . . from the best information he can obtain".

The city's compliance with the requirements of furnishing a blank form and of giving notice to file a return within 10 days consisted of mailing a proper form, on which was printed the 10-day notice, to defendant at his admitted address. Defendant seeks to escape liability for the estimated tax on the ground that he did not receive the notice.

The enactment and publication of the Act of 1913, supra, was notice to defendant of its contents. He, therefore, knew that it was his duty to make a return annually of his taxable property, which he admits owning, and he knew that the return should be made on the forms "furnished" by the assessor. The word "furnished" does not mean delivery to the taxable person personally, although the word "found", a few lines below, might indicate that was required in regard to corporations; it seems to us that "furnished" is used in the sense of "supplied" or "made available" to every person who seeks to make a return. If defendant had wished, he could have obtained a form from the assessor, and in our opinion that is all the act requires. The blank form is obviously for the convenience of the taxpayer and for uniformity within the

county, but, so far as the act provides, it might be a blank piece of paper.

In any event, the failure to furnish the taxpayer with a blank form does not excuse the taxpayer from filing a return, and the furnishing of a blank form is not made a condition precedent to the filing of a return by the assessor on behalf of a defaulting taxable person. The circumstances under which the assessor can file a return are the failure or refusal of the taxable person to file his own return within 10 days after being notified so to do. The act does not contemplate that the 10-day notice and the blank form on which the returns are to be made should be combined on one sheet of paper, but there is no prohibition against it. As the notice is merely to start the running of the 10 days for the performance of a duty which the taxpayer knew in law he should perform annually, we are of the opinion that the legislature, since it did not say so, did not intend to laden the assessors with the burden of giving actual notice. The mailing of the notice to defendant's home was prima facie evidence that he was notified to file a return, and the burden is on defendant to prove that he was not notified.

Defendant has endeavored to meet this burden by averring that he did not receive any notice to file a return within 10 days. Although he gives as his reasons for so averring the fact that he does not remember receiving the notice and cannot find it, he concludes his affidavit of defense with the averment that he expects to be able to prove his averments at the trial of the case. Strictly speaking, as has already been pointed out to defendant in Philadelphia v. Kolb, 288 Pa. 359, this proceeding is not the proper one in which to question the amount of the assessment, which is the real basis of his complaint, in view of his admission of some liability; nevertheless, since the alleged lack of notice prevented him from appearing before the board of revision of taxes, we are disposed to permit defendant to have his day in court. This is in accord with the principles of City of Phila. v.

Rottner, 90 Pa. Superior Ct. 262, a somewhat analogous case. We therefore will not enter a summary judgment for the full amount claimed for want of a sufficient affidavit of defense.

However, defendant states that if he had filed a return in 1930 the return would "reflect" a valuation of from $1,500,000 to $2,000,000. We interpret this to mean that defendant concedes that he is liable for tax on any amount up to $2,000,000. The city is entitled to judgment for the tax due on this admitted amount of $2,000,000, at 4 mills, namely, $8,000, for the following reasons:

Section 1 of the Act of 1913 provides that "no failure to assess or return the same shall discharge such owner or holder thereof from liability therefor". In Schmuck v. Hartman, supra, at page 196, the court said:

"If he had not [made a return], his liability to the commonwealth, would, of course, have continued under the first section of the Act of 1889; but in each year . . . that liability was to be fixed by the county commissioners in the way pointed out by section 5 of the act. . . The mode pointed out in the act of 1889 for fixing liability to the commonwealth, either upon a failure to make a return or upon a false return, must be pursued each year, for in each year the tax is to be assessed and paid."

Since the Act of 1913 did not depart from the terms of the Act of June 1, 1889, P. L. 420, in regard to the continuation of liability irrespective of assessment, we should not under the foregoing construction of the act determine that defendant is liable for any tax until the question whether the assessors fixed the entire liability of defendant properly for the year 1930 has been determined. The amendment of May 31, 1923, P. L. 474, appears to have been passed to overcome the impasse created by the decision in Schmuck v. Hartman, supra, but the amendment of May 13, 1927, P. L. 985, limits the recovery of taxes for past years to the five years last past: Erie County v. Sterling et al., 319 Pa. 568. Defendant, however, in conceding a tax liability for the year 1930,

would seem to have waived objection to any assessment of tax on a valuation not exceeding $2,000,000, irrespective of the manner or the time of the assessment. Moreover, the court in Republic Trust Co. v. Hughes et al., 262 Pa. 159, 162, indicated that it did not approve of the last part of the above-quoted sentence from Schmuck v. Hartman, supra. We therefore think that we may properly order defendant to pay the tax on $2,000,000, with the penalty of five percent fixed by ordinance of 1930, as authorized by the Act of April 17, 1861, P. L. 354, and with interest at the rate of six percent per annum on $8,400 from December 31, 1930. The penalties provided by the Act of April 19, 1883, P. L. 9, sec. 13, are also applicable, as the tax in question is collected "as other taxes . . . are collected, under the laws of this Commonwealth": Section 16, Act of 1913, supra. The 50 percent penalty provided by section 5 of the Act of 1913, however, cannot be applied until it is determined whether the entire tax was properly assessed or not in 1930: In re Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158, 164.

Although by reason of defendant's waiver we are treating the assessment of tax on $2,000,000 as having been properly made, the order herein made, of course, is not intended to prejudice the rights of defendant to question the regularity of the assessment of the tax in respect to any valuation in excess of $2,000,000.

For the foregoing reasons, the rule for judgment for want of a sufficient affidavit of defense is discharged, and the rule for judgment for such amount as to which the affidavit of defense is insufficient is made absolute.

Counsel will prepare an assessment of damages in accordance with this opinion, to be approved by the court.

---

NOTE.—An appeal to the Supreme Court from this decision was discontinued on October 8, 1937.