## Curtis' Estate.

Argued April 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Abraham Wernick,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellant.

*W. Richardson Blair,* with him *Wintersteen & Williams,* for appellee.

OPINION BY MR. JUSTICE LINN, May 16, 1939:

At the audit of the executor's account the City of Philadelphia made a claim for tax penalties for non-payment of personal property taxes payable pursuant to the Act of 1913, P. L. 507, as amended 1931, P. L. 544, 72 PS section 4821 et seq. The claim was rejected and the city appealed to the Superior Court. The penalty claimed was made up of two items:[1] a 7% penalty under section 13 of the Act of April 19, 1883, P. L. 9, 53 PS section 4924, and a penalty of 5% under an ordinance of December 15, 1930, City Ordinances, page 679. A statement of the case appears in the opinion of the Superior Court, 134 Pa. Superior Ct. 364, 3 A. (2d) 980, affirming the decree. The appeal to this court was allowed, the city suggesting that the decision, if sustained, would result in loss of revenue and in uncertainty in view of a decision[2] in the common pleas said to be in conflict with the view held in the orphans' court.

In substance, the objection to the city's claim is: The state levies this tax and requires the city to collect it by a method prescribed in the statute; the scope of the city's action is therefore limited to the collection of such penalties as the statute provides; no general power to add to the statute has been vested in the city.

The sovereign power of taxation, except that part of it ceded to the United States, is in the state; it may exercise the power directly or may delegate[3] the exer-

---

[1] The sum of $25 was reserved from distribution for the payment of the penalties if ultimately held to be payable.

[2] *City of Philadelphia v. Kolb,* 30 D. & C. 229.

[3] See *Clouser v. Reading,* 270 Pa. 92, 113 A. 188; *Blauner's, Inc. v. Philadelphia,* 330 Pa. 342, 344 et seq., 198 A. 889.

cise to governmental agencies, cities, counties, etc. Such delegation is strictly construed.[4] The state may levy and collect a tax and apply the proceeds directly or distribute [5] them to local agencies. Instead of levying and collecting the tax directly, it may fix the rate and require the municipality to collect and apply the tax as directed. The Act of 1913 represents the latter form of raising revenue. The state has provided a penalty to be imposed on the estate of a decedent by requiring the payment of interest at the rate of 6% on taxable property that decedent in his lifetime failed to return and a different penalty for specified defaults of living delinquents. Having in mind that the state has prescribed a different form of penalty for each of the two classes of taxables mentioned, we come to the city's contention.

The city relies on section 13 of the Act of April 19, 1883, P. L. 9, 53 PS section 4924, for the 7% penalty and on the ordinance for the 5% penalty, perhaps passed pursuant to the Act of April 17, 1861, P. L. 354, 53 PS section 4871, entitled "A further supplement To an act to incorporate the city of Philadelphia." It authorized the city to allow a discount to taxables paying by specified dates in the year and also to provide that "if not paid until the first day of December, then an addition of five per cent shall be added to and payable on the same; and the councils of Philadelphia shall have the power to allow any other percentage for the payment of taxes, or add any other penalty for their nonpayment during the current year . . . ."

Both the Act of 1861 and the Act of 1883 are supplemental to the delegation of the taxing power and, of course, apply to the taxation of real estate or any other

---

[4] *Wilson v. Philadelphia School District,* 328 Pa. 225, and cases cited, page 229 et seq., 195 A. 90.

[5] Cf. *Provident Life & Tr. Co. v. Klemmer,* 257 Pa. 91, 101 A. 351.

property which the state may authorize the city to tax; the delegation of the power to tax included authority to collect the tax and, therefore, the power to provide penalties for nonpayment. The power to tax decedent's personal property was not delegated to the city; that tax is not one levied by the city; it is levied by the state. The state authorized its agency, the city, to collect it. The state itself, in the Act, has prescribed the penalties; the power of the city is limited to enforcing them.

The city's argument, based on the words of the Act of 1913 (72 PS section 4821), that "no failure to assess or return the same shall discharge such owner or holder thereof from liability therefor" must be rejected for the same reason; the liability referred to is for a tax levied by the state, not for one levied by the city, an altogether different subject. For the same reason, too, the city, as collector, gains no authority to impose a penalty by section 16, also relied on, providing that the personal property tax imposed by section 1 shall be collected as other taxes "are collected under the laws of the commonwealth." [6] The commonwealth specified the penalties to be imposed. Taxing statutes, as well as statutes imposing penalties, are strictly construed: see *Schmuck v. Hartman*, 222 Pa. 190, 70 A. 1091; *Erie Co. v. Sterling*, 319 Pa. 568, 181 A. 505.

We therefore agree that the penalties sought to be collected were not such as were authorized by the statutes on which the city relies; that the only penalty collectible from the decedent's estate is that mentioned in the taxing statute—interest at the rate of 6%.

Decree affirmed at appellant's costs.

---

[6] This also applies to the Act of July 11, 1923, P. L. 1038, 53 PS Section 5041.