## Mahaney v. Mercer County

*Martin E. Cusick*, for plaintiff.
*Leo H. McKay*, county solicitor, for defendant.

Rowley, P. J., July 11, 1946.—This petition for a declaratory judgment presents the single question whether personal property taxes are comprehended within that section of the Local Tax Collection Law of May 25, 1945, P. L. 1050, which provides:

Section 10: "All taxpayers subject to the payment of taxes, assessed by any taxing district, shall be entitled to a discount of two per centum from the amount of such tax upon making payment of the whole amount thereof within two months after the date of the tax notice. All taxpayers who shall fail to make payment of any such taxes charged against them for four months after the date of the tax notice, shall be charged a penalty of five per centum, which penalty shall be added to the taxes by the tax collector and be collected by him."

The county commissioners of Mercer County have directed the various tax collectors to allow the discount and to add the penalty, above specified, in the collection of personal property taxes. Plaintiff, tax collector for the Borough of Sharpsville, refuses to comply with the directions of the county commissioners, contending that section 10 of the Act of 1945, supra, does not apply to personal property taxes. Plaintiff points out that the personal property taxes are governed by the Personal Property Tax Act of June 17, 1913, P. L. 507, 72 PS §4821, as amended by the Act of May 11, 1945, P. L. 447.

We quote from that act:

"That all personal property of the classes hereinafter enumerated, owned, held or possessed by any . . . person, persons, copartnership, or unincorporated association or company, resident, located, or liable to taxation within this Commonwealth . . . is hereby made taxable annually, for county purposes, and, in cities co-extensive with counties, for city and county purposes, at the rate of four mills on each dollar of

the value thereof, and no failure to assess or return the same shall discharge such owner or holder thereof; from liability therefor, . . ."

Section 2: "The board of revision of taxes or the commissioners of every county in this Commonwealth shall annually furnish the assessors of the several townships, boroughs, and cities of the respective counties, with blanks to be prepared by them; and it shall be the duty of each of said assessors to furnish a copy of the same to every taxable person, . . ."

Section 5 of this act, 72 PS §4844, provides that it shall be the duty of the officers charged with the assessment and collection of taxes to assess or reassess any such personal property for any former year or years, not exceeding five years, and collect the tax or the balance of the tax which should have been paid, together with interest thereon, at the rate of six per centum per annum.

Section 16: "That the tax upon personal property imposed by the first section of this act shall be collected, by distraint or otherwise, as other taxes for county purposes, or, in cities coextensive with counties, for city and county purposes, are collected, under the laws of this Commonwealth: . . ."

The Act of 1913, supra, provides a penalty for failure of the taxable to make a return of his property but no penalty is provided for delay in paying the tax.

Plaintiff argues that inasmuch as the Act of 1913, which imposed the tax, provided neither a discount for prompt payment nor a penalty for delinquency, he is without lawful authority to allow a discount or to collect a penalty upon personal property taxes. In support of his contention, plaintiff cites Curtis' Estate, 335 Pa. 414, wherein it was held that the only lawful penalty for delinquency with respect to personal property tax was the penalty provided in the Act of 1913. The court distinguished between the delegation of the

power to tax and the power only to collect a tax imposed by the State:

". . . delegation of the power to tax included authority to collect the tax and, therefore, the power to provide penalties for non-payment. The power to tax decedent's personal property was not delegated to the city; that tax is not one levied by the city; it is levied by the state. The state authorized its agency, the city, to collect it. The state itself, in the Act, has prescribed the penalties; the power of the city is limited to enforcing them.

. . . . .

"We therefore agree that the penalties sought to be collected were not such as were authorized by the statutes on which the city relies; that *the only penalty* collectible from the decedent's estate is *that mentioned in the taxing statute.*" (Italics supplied.)

Defendant concedes that the Act of 1913, supra, contains no authority to penalize delinquent taxpayers, but argues that authority to discount and penalize is supplied by the Act of 1945, P. L. 1050. Section 10 of that act declares:

"All taxpayers subject to the payment of taxes, *assessed* by any taxing district, shall be entitled to a discount. . . . All taxpayers who shall fail to make payment . . . shall be charged a penalty. . . ." (Italics supplied.)

In Curtis' Estate, supra, the Court said:

"The state *levies* this tax" and "the scope of the city's action is therefore limited to the collection of such penalties as the statute provides; . . ." (Italics supplied.)

The power of the State to delegate authority to impose a penalty upon a tax levied by the State will not be doubted.

Is there anything in the Act of 1945 which fairly implies that the taxing district and the collector are

empowered to allow a discount and to collect a penalty upon a tax *levied by the State?*

It cannot be said that the statute touches only taxes levied by taxing districts. Section 4 of the act states the manner in which the collector may be relieved of liability for "personal property taxes" contained in his duplicate, and authorizes inclusion of personal property tax in the notice from the collector to the taxable. Section 14 requires that the collector's receipt shall set out "the amount of real and personal property and personal taxes paid".

We think the statute discloses the legislative intent to comprehend within the provisions of the act the collection of all taxes contained in the collector's duplicate, with a view of unifying the procedure of collection. The recent act restored to the taxable the privilege of a discount on school taxes—which had been suspended for several decades—and it reduced the rate of discount upon other local taxes.

This statute grants a discount to taxpayers upon all taxes *"assessed* by any taxing district". Answer to the instant question will be found in the meaning ascribed to the term "assessed".

If "assessed" is used as a synonym for "levied", then personal property taxes, levied by the State, are not subject to the discount and penalty provided for by the Act of 1945. Long ago the Supreme Court held that the lien of taxes attaches when the tax is assessed. The court then declared that taxes are "assessed" when the rate has been established by the taxing authority. This declaration would seem to imply that "assessed" means "levied".

The case in question was concerned with taxes upon real estate. Ordinarily, establishing the rate of taxation is the final step in imposing the tax, which is frequently referred to as the "levy". The levy is preceded by the work of the assessor who lists the taxable sub-

jects and assigns a value to each. This process is commonly spoken of as the "assessment".

Singularly enough, the title of the Act of 1945 reads:
"An act relating to the collection of taxes 'levied' by counties, county institution districts, cities of the third class, boroughs, towns, townships, certain school districts and vocational school districts . . ."

Although the title refers to taxes "levied", section 10 of the act provides discount and penalty upon all taxes "assessed" by any taxing district.

Only if we construe the word "assessed"—as here employed to mean "levied", can it be said that the provisions of section 10 are limited to taxes imposed by local authorities and therefore do not embrace the personal property taxes levied by the State.

Undoubtedly it may be said with respect to taxes upon real estate that the tax is assessed when the rate has been established.

Normally, the rate depends upon the aggregate of the valuations which the assessor has assigned to the respective taxable subjects which he lists.

With respect to personal property tax, the rate has been determined in advance of the assessor's return of the subjects to be taxed. It is, therefore, inaccurate to say that personal property taxes have been assessed when the rate has been established by the Commonwealth.

"Assessed, as used in our taxing statutes and as here used, means a certain sum of money, fixed under a given rate on property valuation, due and payable as taxes. Taxes cannot become due until they have been assessed; it is the assessment that makes the taxes and fixes the time when they become due and payable: . . . 'The land was made debtor by being returned assessed and valued and the rate per cent fixed.' ": Broad & Sansom Realty Co. v. Fidelity Building Corp., 292 Pa. 287.

There can be no taxation without assessment: Commonwealth v. McKean County, 200 Pa. 383.

Moreover, it cannot be said that assessment always signifies an act by a taxing authority or by a public official. There are instances when the assessment is made by the taxable: Commonwealth v. Southern Penna. Bus Co., 339 Pa. 521.

Generally speaking, there are at least two steps in the creation of a tax for municipal purposes, viz., the listing and valuation of taxable subjects and determination of the rate at which the listed subjects are to be taxed: See Commonwealth v. Chester County Light & Power Co., 339 Pa. 97, 99.

Our conclusion is the term "assessed" as used in section 10 of the Act of 1945, is not synonymous with "levied", but that it also embraces the listing and valuation by the assessor of taxable personal property. Viewed in this light, personal property taxes are assessed by the taxing district and are therefore within the provision of the Act of 1945 which provides for discount and penalty thereon.

### Order

And now, July 11, 1946, this matter came on for argument and same was argued by counsel and briefs submitted, whereupon, after due consideration, it is ordered, adjudged and decreed that James Mahaney, tax collector for the Borough of Sharpsville, Mercer County, Pa., allow a discount of two percent from the amount of personal property tax assessed in his duplicate for the year 1946, to any taxpayer upon payment by him of the whole amount of such tax within two months after the date of the tax notice from the collector to said taxpayer; and said James Mahaney is further ordered to charge and collect a penalty of five percent upon all personal property taxes for the year 1946 which remain unpaid for four months after the date of the tax notice.