## Nagle Estate

*William W. Knox*, for accountant.

*Jacob B. Held*, for Personal Property Tax Department.

WAITE, P. J., June 8, 1950.—Edith A. Nagle died testate July 3, 1948, leaving surviving as her next of kin four nephews, one niece and several grandnephews and nieces.

The first and final account of Douglas B. Nagle, Sr., and Theodore M. Nagle, Sr., the executors of her estate, is before the court for audit and distribution. That account shows a gross estate amounting to $1,593,225.95 and a balance of $809,738.06 for distribution. The

record shows that some additional assets have come into the executors' hands since the filing of the account which will be included in the final order of distribution.

The only question raised at the audit was in regard to an alleged unpaid personal property tax claim. The County of Erie has filed a claim for delinquent personal property tax in the amount of $4,082.79, covering the four-mill tax allegedly owing by decedent for the years 1937 through 1940, inclusive. Decedent died July 3, 1948, and in the fall of 1948 the balances of the personal taxes owing for the five years preceding the date of her death were adjusted and paid. At that time the estate for the first time had knowledge of this claim for these earlier years. The estate resists payment on the grounds that there was no valid assessment of this tax; that no notice of assessment was given; that this is an attempt to assess personal property tax for more than five former years in violation of the Act of July 3, 1947, P. L. 1249, sec. 3, 72 PS §4844.2. Further, that the claim is barred by the statute of limitations, and that no exceptions to the amount were filed, and no proper statement of claim has been made in the estate.

The only evidence of assessment which the county has, except for its bill, which is not an assessment at all, is a series of four papers entitled, "Assessment Notice" dated March 3, 1941. These notices recite that the assessor of the local taxing district, not the county commissioners or board of revision have assessed the taxpayer, and she is given 10 days to ask for reassessment. This notice is not signed by anyone, and it is not a copy of a notice which was sent out, but is an original notice filled in with pen and ink, and contains no indication that it was ever sent to the taxpayer.

The Act of June 12, 1931, P. L. 544, which was the applicable legislation in effect on March 3, 1941, when this alleged assessment was made, provided, inter alia, as follows:

"And it shall be the duty of the County Commissioners or Board of Revision of Taxes to assess or reassess any such personal property for any former year or years, not exceeding five years—"

In other words, under this act the only body which had any authority to make an assessment for any previous years (as in this case for the years 1937 to 1940), was the county commissioners or board of revision of taxes. The assessor had no jurisdiction in the premises. It was stipulated at the hearing in this case that an examination of the minutes of the County Commissioners of Erie County and of the Board of Revision of Taxes of Erie County contained nothing whatsoever to indicate that either of these bodies had ever made an assessment for former years against Edith A. Nagle.

Since it appears that no valid assessment was made it is the position of the estate that this bill cannot be collected. In Philadelphia v. Kolb, 288 Pa. 359, it was held that where an assessment is made without statutory authority it can be resisted. In order to collect the tax it is necessary that assessment be made by some competent authority. Thus in Broad & Sansom Realty Co. v. Fidelity Building Corp., 292 Pa. 287, the supreme Court said:

"Taxes cannot become due until they have been assessed; it is the assessment that makes the taxes and fixes the time when they become due and payable." Tax statutes must be strictly construed: Curtis' Estate, 335 Pa. 414.

This claim as stated above is denied by the estate and upon the authorities cited above has not been properly proved. The claim is therefore disallowed.

When a supplemental account has been filed covering the additional assets which have come into the executor's hands an order of distribution will be made in accordance herewith.