## Heberling Estate

*Peter M. Mattoon, H. Ober Hess* and *Ballard, Spahr, Andrews & Ingersoll,* for accountants.

*Theodore B. Smith, Jr.,* for residuary legatee.

*David Berger,* City Solicitor, *E. Louis Rosen,* Assistant City Solicitor, and *Edward B. Soken,* for School District of Philadelphia.

*Harry W. Kurtzman,* for Commonwealth.

BURKE, J., September 21, 1962. — Testator died March 6, 1959, leaving a will dated June 4, 1958, which was admitted to probate, upon which letters testamentary were granted to the accountants on March 17, 1959, and proof of publication of the grant of same was submitted and is annexed hereto . . .

At the audit, claims were made on behalf of the City of Philadelphia and the School District of Philadelphia for personal property taxes for the years 1954 and 1955. Such claims are based on an additional assessment made on May 1, 1962 (more than three years

after decedent's death), and extending beyond the five year period preceding the assessment.

On July 17, 1959, four months after the appointment of the personal representative, a statement in duplicate, exhibiting all of decedent's assets which were subject to the personal property tax, in conformity with the Act of June 20, 1947, P. L. 733, sec. 10, as amended, 24 PS §581.10, was filed.

Decedent had filed personal property tax returns for the years 1954 and 1955, in each of which he listed his ownership of 5,000 shares of Mackey Airlines, Inc., at a total valuation of $1,666.67, on which he paid the assessed taxes. The valuation was inaccurate as later determined by the additional assessment of 1962, the correct total valuation being $15,000. The present claims are based on the difference between the returned valuation and the additional assessment. The valuation as fixed by decedent's returns remained dormant until the additional assessment of 1962.

As of the date of decedent's death, the applicable law relating to the county tax was the Act of June 17, 1913, P. L. 507, as amended by the Act of July 3, 1947, P. L. 1249, 72 PS §4844.2, the relevant part of which provides:

"In any case where a false, incomplete, incorrect or inaccurate return has been previously filed, the board of revision, or the county commissioners, shall make an additional assessment for the five years immediately preceding the year of assessment in the same manner and form provided in this act. . ."

The controlling statute at the time of decedent's death, under which the School District could impose a tax, was the Act of June 20, 1947, P. L. 733, as amended by the Act of May 12, 1949, P. L. 1246, sec. 10, 24 PS §581.10, the pertinent part providing:

"In any case where a false, incomplete, incorrect, or inaccurate return has been previously filed, the

board shall make an additional assessment for the five (5) years immediately preceding the year of assessment in the same manner as otherwise provided in this act. . ."

Decedent in his lifetime filed personal property tax returns for the years 1954 and 1955, in both of which he disclosed his ownership of the securities and the correct number of shares. In this manner he met all the statutory requirements above quoted, although the unit value of the shares was lower than that asserted by the taxing agencies.

The taxing authorities, without submitting proof, question the good faith of the taxable in returning an incorrect value. In Allegheny County Personal Property Tax Assessment Cases, 349 Pa. 651, 654, the court said:

"It must be presumed in the absence of the proof to the contrary that the opinion as to valuation expressed by the taxpayer was made in good faith."

It is evident that the apposite statutes in effect when the questioned returns were filed, imposing a limitation of five years from the date of assessment on the taxing agencies, and not extended during the five year period, forecloses an additional assessment after the expiration of the limitation. In Erie County v. Sterling, 319 Pa. 568, 570, the court said:

"The plain meaning of the act is that the assessment shall be for any one or more of the five years prior to the year of assessment, and that the assessment is therefore limited to the five years immediately preceding the year of assessment. . ."

The two taxing agencies having failed to make additional assessments for the years 1954 and 1955 prior to January 1, 1960, and January 1, 1961, respectively, their authority to impose the questioned assessment is inhibited by the pertinent statutes above cited.

The county, in support of the additional assessment, relies on the amending Act of April 28, 1961, P. L. 128, sec. 1, 72 PS §4844.2, relating to personal property tax assesments on decedents' estates. The relevant part of the statute is as follows:

"Such assessment shall include and be limited to all property owned, held or possessed by the decedent, *which should have been returned* by him for taxation for any former year or years not exceeding five years prior to the year in which the decedent died. In any case where a false, incomplete, incorrect or inaccurate return has been previously filed, the board of revision, or the county commissioners, shall make an additional assessment for the *five years immediately preceding the year of assessment* in the same manner and form provided in this act. . ." (Italics supplied.)

The claim of the School District is based on the amendatory Act of June 14, 1961, P. L. 369, 24 PS §581.8, which amends section 8 of the Act of June 20, 1947, P. L. 733. The 1961 amendment added the following:

"Any assessment of a tax on personal property of a decedent shall include all property owned, held or possessed by the decedent, *which should have been returned by him for taxation* for any former year or years not exceeding five (5) years prior to the year in which the decedent died." (Italics supplied.)

From the above, it is clear that both amendatory Acts of 1961, if applicable, by their very terms make a clear distinction between (a) taxables who made no returns, and (b) those who filed a false, incomplete, incorrect or inaccurate return. Decedent by filing his 1954 and 1955 returns fell into the latter category of taxables against whom additional assessments cannot be made for more than five years preceding the year of assessment (1962 in this instance).

The taxing authorities in support of their positions rely on Lewis Estate, 26 D. & C. 2d 125. Decedent died in 1959 not having made tax returns for the years 1954 and 1955. On September 18, 1961, assessments were made for the years 1954 and 1955 (within five years of decedent's death), and they were sustained by invoking the amendatory Acts of 1961 above recited.

Lewis Estate has no application to the instant case, wherein decedent filed inaccurate returns for the years 1954 and 1955, while in Lewis, no returns were filed. The language in the 1961 Acts and the preceding acts is profusely patent in distinguishing between taxpayers who *did* and those who *did not* file returns. I borrow an expression used by former Chief Justice Horace Stern, in his opinion in Lennox v. Clark, 372 Pa. 355: "he who runs can read."

It is unnecessary for us to pass upon the retroactivity of the 1961 Acts, or the timeliness of them with respect to the extension of the statute of limitations.

For the foregoing reasons, the claims of the county and School District for personal property taxes for the years 1954 and 1955 are dismissed . . .