## Martin Estate

*Donald L. McCaskey,* for accountant.

*Thomas M. Rutter, Jr.,* for claimant.

BOYLE, P. J., October 18, 1966.—At the audit of executor's account, Allegheny County filed a claim for penalties on personal property taxes in the amount of $124.79. The estate admits and has paid the taxes with interest in the aggregate sum of $1,598.45. Executor challenges the alleged right of Allegheny County to collect the penalties.

Decedent neither filed personal property tax returns nor paid personal property taxes for the five year period prior to her death on February 3, 1965.

May the county add a five percent penalty to the assessment and use such aggregate amount as a basis

for taxation? May the county also impose a five percent penalty on the amount of tax thus calculated? The tax and penalties have been assessed against decedent's estate in the total amount of $1,723.24. All of the facts involved in the assessment of the tax and penalties are set forth in a stipulation of counsel filed with the court on June 24, 1966.

The Act of June 17, 1913, P. L. 507, as amended, 72 PS §4821 et seq., which authorizes the collection of personal property taxes by counties from their residents, provides two different methods for the collection of delinquent taxes, one from living residents who have failed to file a return or who have filed an incorrect return, the other from the estates of decedents. The section dealing with the estates of decedents authorizes the imposition of an enlarged base for computing the tax only in the case of a decedent who filed, during his lifetime, a false, incomplete, incorrect or inaccurate return: Act of June 17, 1913, P. L. 507, sec. 5.2, as amended by the Act of April 28, 1961, P. L. 128, sec. 1, 72 PS §4844.2. This section of the act also governs the case of a decedent who filed no return during the five year period preceding his death, and provides:

"The executor of every will and the administrator of every estate shall file with the register of wills or clerk of the orphans' court an additional copy of the inventory and appraisal of such estate. The register or clerk with whom the same is filed shall forthwith send a copy of said inventory and appraisal to the board of revision of taxes, or the county commissioners, as the case may be, whose duty it shall then be to proceed to assess and collect the taxes due from such decedent. Such assessment shall include *and be limited to* all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or years not exceeding five

years *prior to the year in which the decedent died.* In any case where a false, incomplete, incorrect or inaccurate return has been previously filed, the board of revision, or the county commissioners, shall make an additional assessment for the five years immediately preceding the year of assessment in the same manner and form provided in this act. The board of revision of taxes, or the county commissioners, may proceed to collect the said tax by presenting a claim therefor to the orphans' court of the proper county, or may proceed by action or suit at law in any court of competent jurisdiction, or take any and all other appropriate steps or procedure for the collection of such taxes". (Italics supplied.)

The italicized portions above indicate the amendment to the section by the Act of April 28, 1961, P. L. 128, sec. 1. The limitation of the assessment to property owned, held or possessed by a decedent establishes the intention of the legislature to exclude the addition of five percent to the assessment base where a return was not filed by decedent in his lifetime.

The county relies on section 5 of the Personal Property Tax Law of 1913, as amended by the Act of September 2, 1961, P. L. 1230, sec. 1, 72 PS §4844, as authority for the additional assessment. It provides:

". . . If any taxable resident of a county of the second class shall file a return at a time later than the last day for filing such return as fixed by law of the year in which he is liable to pay the tax imposed by this act, the board of property assessment appeals and review of such county of the second class shall add five per cent to the assessment of the tax, and the aggregate amount so obtained shall be the basis for assessment".

In section 5.2 of the act, the legislature has provided a distinct method of collection and assessment of taxes against the estates of decedents. Section 5 relates to taxable residents (living persons). See Batteiger Es-

tate, 28 D. & C. 2d 77, 11 Fiduc. Rep. 660; Curtis' Estate, 335 Pa. 414, 417. The cases cited are clearly apposite and sustain the position of executor. As held in Curtis' Estate, supra, where the same statute was involved, at page 418:

". . . The power to tax decedent's personal property was not delegated to the city; that tax is not one levied by the city; it is levied by the state. The state authorized its agency, the city, to collect it. The state itself, in the Act, has prescribed the penalties; the power of the city is limited to enforcing them. . . .

"We therefore agree that the penalties sought to be collected were not such as were authorized by the statutes on which the city relies; that the only penalty collectible from the decedent's estate is that mentioned in the taxing statute—interest at the rate of 6%".

It is clear that the legislature indicated its intention to limit the assessment to the property owned or held by a decedent. The assessment of penalties in addition to the tax and interest in the case at bar is not authorized by law.

Liability for taxes may only be compelled by statute. The words of the statute cannot be extended by implication, and where there is a doubt, it will be resolved against the taxing authority: Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158, 163-64.

May the county assess and collect a five percent penalty on the amount of the tax, in addition to interest at the rate of six percent?

The county seeks the additional penalty under a different statute which permits the addition of a five percent penalty on delinquent taxes: Act of May 31, 1933, P. L. 1135, sec. 2, 72 PS §5649. Section 1 of the same act, 72 PS §5648, provides for six percent interest on delinquent county taxes.

It has been held that the personal property tax is imposed under a specific and different statute, viz., the

Act of June 17, 1913, P. L. 507. The right, or lack of right, of a local municipality (here, Allegheny County) to enlarge the penalty provisions of the Personal Property Tax Act of 1913 has been defined in Curtis' Estate, supra, pages 416-18.

There, it was held that a penalty provided in a statute apart from the Act of June 17, 1913, P. L. 507, supra, could not be added to the existing penalty provisions of the statute. The local government collects the tax, but the Commonwealth levies it. Allegheny County can only collect the penalties imposed by the Personal Property Tax Act of June 17, 1913, P. L. 507, 72 PS §4821 et seq. The power to tax personal property under this statute is not delegated to the county, and it is limited to the penalties designated in the act.

The additional five percent penalty on the amount of the tax with interest will not be allowed.

Both claims of Allegheny County for penalties on personal property tax assessed against the estate are disallowed.

A decree will be entered in accordance with this opinion.