## American Bank and Trust Co. of Pa., Executor v. Lehigh County

*W. Hamlin Neely*, for plaintiff.

*Robert H. Jordan*, county solicitor, for defendant.

WIEAND, J., February 27, 1968.—Lillian Doris Mosesco, a resident of Lehigh County, died in 1966. When her executor filed an inventory of her estate, a copy was sent to the Personal Property Tax Office of Lehigh County, where it was discovered that decedent had failed to file personal property tax returns during her lifetime. The tax was calculated for the years 1961 to 1966, inclusive, and found to be in the sum of $10,967.23. A penalty of 5 percent was added to the tax due in each year, resulting in total penalties of $548.36. Interest was also added, and a total demand was made for $13,215.35. This amount was paid by plaintiff executor on November 18, 1966.

This action in assumpsit was instituted to recover $548.36, the amount paid as penalties. The County of Lehigh, it is alleged, had no authority to impose such penalties. A demurrer to the complaint raises the issue of whether a penalty can be assessed against the estate of a decedent for failure of decedent to file personal property tax returns in the five years preceding the year of his or her death.

The personal property tax is not a tax levied by the county; it is levied by the State. The State has merely authorized its agency, the county, to collect it. As such, section 10 of the Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.10, which authorizes the charging of a penalty of 5 percent for failure to pay county taxes within 4 months after the date of the notice, has no applicability to the personal property tax. The State itself, in the Personal Property Tax Act of June 17, 1913, P. L. 507, as amended, 72 PS §4821, et seq., has prescribed the penalties, and the power of the county is limited to enforcing them: Curtis' Estate, 335 Pa. 414.

Section 5 of the Personal Property Tax Act, as last amended by the Act of September 2, 1961, P. L. 1230, sec. 1, 72, PS §4844, establishes a penalty for failure to file a return as follows:

"If any taxable resident shall fail to file a return, or fail to include in any return all of his property made taxable by this act, or shall file a return which is false, incomplete, incorrect or inaccurate, the board of revision of taxes, or the county commissioners, shall make an assessment of the tax against such resident of the amount of tax for which such resident is liable, or for which he is believed by the board of revision, or county commissioners, to be liable, *to which estimated return the board of revision of taxes, or county commissioners, shall add twelve per cent, and the aggregate amount so obtained shall be the basis for taxation. . . .*"[1] (Italics supplied.)

This language would seem to be clear. If a taxable resident fails to file a return, an assessment of the tax shall be made, to which there shall be added twelve percent, and the aggregate amount shall be the basis for the tax. The section applies to all taxable residents who fail to file the required returns. In each such case, a penalty of 12 percent shall be added. Lillian Doris Mosesco was a taxable resident of Lehigh County who failed to file returns for the years 1961 to 1966, inclusive. This section of the taxing statute, therefore, would seem to mandate the imposition of a penalty because of that failure.

Plaintiff argues, however, that this apparent authorization to impose a penalty for failure to file a return is negated in those instances in which the taxpayer has died, by virtue of the provisions of section 5.2 of the Personal Property Tax Law, supra, as last amended by the Act of April 28, 1961, P. L. 128, sec.

---

[1] The remaining portion of this section establishes procedure for making the assessment and notifying the taxpayer.

1, 72 PS §4844.2. That section of the tax law is as follows:

"The executor of every will and the administrator of every estate shall file with the register of wills or clerk of the orphans' court an additional copy of the inventory and appraisal of such estate. The register or clerk with whom the same is filed shall forthwith send a copy of said inventory and appraisal to the board of revision of taxes, or the county commissioners, as the case may be, whose duty it shall then be to proceed to assess and collect the taxes due from such decedent. Such assessment shall include and be limited to all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or years not exceeding five years prior to the year in which the decedent died. In any case where a false, incomplete, incorrect or inaccurate return has been previously filed, the board of revision, or the county commissioners, shall make an additional assessment for the five years immediately preceding the year of assessment in the same manner and form provided in this act. The board of revision of taxes, or the county commissioners, may proceed to collect the said tax by presenting a claim therefor to the orphans' court of the proper county, or may proceed by action or suit at law in any court of competent jurisdiction, or take any and all other appropriate steps or procedure for the collection of such taxes".

Plaintiff points specifically to that portion of the section which provides that the assessment against the estate of a decedent "shall include and be limited to all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or years not exceeding five years prior to the year in which the decedent died". Because a penalty is not "property owned, held or possessed by the decedent", it is argued, the legislature

must have intended to eliminate the imposition of penalties against the estate of a decedent who failed to file returns during his or her lifetime. This legislative intent is further evidenced, it is argued, by the provision which authorizes an additional assessment against the estate of a decedent "in the same manner and form provided in this act" where, during his or her lifetime, decedent filed a false, incomplete, incorrect or inaccurate return. Inasmuch as there is no comparable provision for an assessment "in the manner provided in the act" where no returns were filed during the lifetime of the decedent, it is contended that the legislature must have intended the recovery against a decedent's estate in such cases to be limited to the tax itself.

Such an argument, we believe, defies logic. It requires us to ignore the plain intendment of the language used by the legislature and create an ambiguity where none exists. It compels us, moreover, to ignore those pertinent rules of construction which are contained in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501, et seq. The construction which plaintiff would place upon the statute permits the assessment of a penalty for failure to file a return if the taxpayer lives but not if he happens to die before his noncompliance is discovered. A penalty may be imposed if a return filed by a decedent during his lifetime happens to contain an inadvertent inaccuracy or if the return is intentionally and fraudulently incomplete, but not if decedent failed to file any return at all. Plaintiff has directed our attention to no legitimate reason for such distinctions, and certainly the statute contains none. Indeed, to create these distinctions by implication is to impute to the legislature an intended result which is unreasonable and absurd. This we should not do: Statutory Construction Act, supra, section 52(1), 46 PS §552(1). Moreover, we

do not believe that such distinctions are warranted by the language of the statute.

Plaintiff also relies upon section 63 of the Statutory Construction Act, supra, 46 PS §563, which establishes the following rule of construction:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail".

The argument made by plaintiff is that section 5.2 of the Personal Property Tax Law, supra, applies specifically to the assessment and collection of taxes from the estates of decedents and should, therefore, prevail over the general imposition of penalties contained in section 5 and be construed as an exception thereto. We have considered this argument at length. Having done so, we are convinced that section 63 of the Statutory Construction Act not only fails to support the construction for which plaintiff contends but compels a contrary result. Examination of sections 5 and 5.2 of the Personal Property Tax Law reveals that these sections are not in conflict and can very readily be read and construed so as to give effect to both.

Section 5 of the tax law establishes a penalty of 12 percent when any taxable resident shall fail to file a return. Section 5.2 in no way limits or detracts from the penalty so imposed. It provides a means by which the county may obtain information as to property which is subject to tax where a decedent has not filed returns during his or her lifetime. With this informa-

tion, the proper officials can then assess the tax. Since section 5.2 does not prescribe the procedure for assessing the tax, the county officials must proceed in the manner set forth in section 5. The limitation imposed by section 5.2 relates to the number of years for which recovery of the tax may be had against the estate of a decedent. It is a limitation as to time, and it does not limit or create an exception to the procedure for assessing the tax or the penalty imposed in section 5. No reference is made therein to the penalty, and we find nothing in its language to indicate that the legislature intended by implication to create an exception to the penalty so clearly and unambiguously imposed by section 5 in all cases where a taxable resident shall fail to file a return.

In reaching this conclusion, we are not unmindful of the rule which requires that a taxing statute be strictly construed. A taxing statute may not be extended by implication, and all ambiguities must be resolved in favor of the taxpayer. For reasons which we have attempted to make clear, however, we find no ambiguity with respect to the penalty imposed by this statute. The penalty of 12 percent is clearly applicable whenever any taxable resident shall fail to file a return. Neither do we extend that penalty by implication. We hold merely that where the imposition of a penalty is clearly mandated by the taxing statute, the legislative intent will not be emasculated by a judicially created ambiguity.

We are also cognizant that a different result was reached by the Orphans' Court of Chester County in Batteiger Estate, 28 D. & C. 2d 77, and that that decision was followed by the Orphans' Court of Allegheny County in Martin Estate, 41 D. & C. 2d 351. Because of our respect for those courts, we have examined this issue thoroughly and have attempted to set forth at

length the reasons why we cannot agree with the conclusions reached in those decisions.

Finally, recovery is not warranted merely because the penalty was assessed erroneously at the rate of 5 percent rather than at the 12 percent rate mandated by the statute. Inasmuch as the error was made in favor of the taxpayer, we do not believe he can be heard to complain.

We have considered the merits of this action because of its posture as it comes before us on defendant's demurrer and because of the arguments presented by the respective parties. We cannot help but observe, however, that section 5.1 of the Personal Property Tax Law, supra, as amended, 72 PS §4844.1, establishes a procedure by which a dissatisfied taxpayer may petition for reassessment of the tax and, if still dissatisfied, appeal to the court of common pleas. That section further provides: "If any resident shall fail to give due notice of an intention to petition for reassessment and to file a petition for reassessment . . . or to appeal to the court of common pleas within the time and in the manner herein set forth, the right to do so shall be forever barred, and any such resident, so failing, shall not thereafter be permitted in a suit for the recovery of such tax to set up any ground of defense which might have been determined, either by the board of revision of taxes, or county commissioners, or the court of common pleas aforesaid". Plaintiff's complaint reveals that the statutory procedure for reviewing the assessment was not followed.

## ORDER

And now, February 27, 1968, it is ordered that defendant's demurrer to plaintiff's complaint be and it is hereby sustained, and judgment is entered in favor of the defendant.