**Hovey Estate**

*Donald O. Hovey*, for accountant.

*Michael D. Marino*, for Board of Assessment Appeals.

TAXIS, P. J., June 4, 1974.—The account shows a net balance of principal and income for distribution of $59,023.07, composed of the securities set forth on page 2 of the account, and cash.

The transfer inheritance tax assessed has been paid.

All parties having or claiming any interest in the estate, of whom the accountant has notice or knowledge, are stated to have received notice of the audit in conformity with the rules of court.

At audit, the Board of Assessment Appeals filed its tax claim against the estate in the amount of $1,863.64, which included a 12 percent penalty. The claim was opposed by the accountant and the parties filed a stipulation of fact, as follows:

"Leland W. Hovey died October 12, 1972 a resident of Lower Merion Township, Montgomery County, where he had been resident for the five years prior to the date of his death, to wit: the years 1967 to 1972, inclusive.

"No Personal Property Tax Returns were filed by the decedent for those years nor was any tax paid.

"The actual value of the personal property of decedent taxable for those years was:

"1967 $ 8,925
1968 74,662
1969 86,348
1970 14,100
1971 73,308
1972 76,369

"On July 13, 1973 the Board for the Assessment and Revision of Taxes for Montgomery County first made an Assessment of the tax which they determined to be due for the years 1967 to 1972 inclusive. The computation of that Assessment is set forth in the assessment dated July 13, 1973.

"On July 17, 1973 payment of the sum of $1,583.86 was tendered by mail to the Board for the Assessment and Revision of Taxes, Montgomery County, representing the Personal Property Tax due for the years 1967 through 1972 at the rate of 4 mills on the valuations set forth in paragraph 3 above, together with interest thereon at six percent per annum.

"By letter dated July 31, 1973, the Board refused to accept the tendered payment in the amount of $1,583.86."

There is no dispute as to the years for which taxes are due nor the amount of tax assessed for each of such years. The county is claiming, through its board of assessment, an additional 12 percent penalty for each such year. Accountant submits that there is no authorization for a 12 percent penalty contained in the applicable portions of the statute in question.

Judge Boyle, in Allegheny County, in Martin Estate, 41 D. & C. 2d 351 (1966), in an able opinion, dealt with this precise problem and concluded that under section 5.2 of the Act of June 17, 1913, P. L. 507, as amended, 72 PS §4844.2, the county may not add a penalty to the assessment and use the aggregate amount as the basis of taxation, although the county

would be permitted to add interest at the statutory six per cent. What has been ably said by Judge Boyle can profitably be repeated here.

"The Act of June 17, 1913, P. L. 507, as amended, 72 PS §4821 et seq., which authorizes the collection of personal property taxes by counties from their residents, provides two different methods for the collection of delinquent taxes, one from living residents who have failed to file a return or who have filed an incorrect return, the other from the estates of decedents. The section dealing with estates of decedents authorizes the imposition of an enlarged base for computing the tax only in the case of a decedent who filed, during his lifetime, a false, incomplete, incorrect or inaccurate return: Act of June 17, 1913, P. L. 507, sec. 5.2, as amended by the Act of April 28, 1961, P. L. 128, sec. 1, 72 PS §4844.2. This section of the act also governs the case of a decedent who filed no return during the five year period preceding his death, and provides:

" 'The executor of every will and the administrator of every estate shall file with the register of wills or clerk of the orphans' court an additional copy of the inventory and appraisal of such estate. The register or clerk with whom the same is filed shall forthwith send a copy of said inventory and appraisal to the board of revision of taxes, or the county commissioners, as the case may be, whose duty it shall then be to proceed to assess and collect the taxes due from such decedent. Such assessment shall include *and be limited to* all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or years not exceeding five years *prior to the year in which the decedent died.* In any case where a false, incomplete, incorrect or inaccurate return has been previously filed, the board of revision, or the county commis-

sioners, shall make an additional assessment for the five years immediately preceding the year of assessment in the same manner and form provided in this act. The board of revision of taxes, or the county commissioners, may proceed to collect the said tax by presenting a claim therefor to the orphans' court of the proper county, or may proceed by action or suit at law in any court of competent jurisdiction, or take any and all other appropriate steps or procedure for the collection of such taxes.' (Italics supplied.)

". . . In section 5.2 of the act, the legislature has provided a distinct method of collection and assessment of taxes against the estates of decedents. Section 5 relates to taxable residents (living persons). See Batteiger Estate, 28 D. & C. 2d 77, 11 Fiduc. Rep. 660 (1961); Curtis' Estate, 335 Pa. 414, 417 (1939). The cases cited are clearly apposite and sustain the position of executor. As held in Curtis' Estate, supra, where the same statute was involved, at page 418:

" '. . . The power to tax decedent's personal property was not delegated to the city; that tax is not one levied by the city; it is levied by the state. The state authorized its agency, the city, to collect it. The state itself, in the Act, has prescribed the penalties; the power of the city is limited to enforcing them. . . .

" 'We therefore agree that the penalties sought to be collected were not such as were authorized by the statutes on which the city relies; that the only penalty collectible from the decedent's estate is that mentioned in the taxing statute—interest at the rate of six percent'.

"It is clear that the legislature indicated its intention to limit the assessment to the property owned or held by a decedent. The assessment of penalties in addition to the tax and interest in the case at bar is not authorized by law."

The court is convinced that the better view in this case is reflected in the opinion of Judge Boyle in Martin Estate and also in an excellent opinion written by Judge MacElree in Batteiger Estate, 11 Fiduc. Rep. 660 (1961). These two cases rule the present controversy.

There is no merit to the argument interposed by the Board of Assessment Appeals that the remedy here is by appeal from assessment. Section 5.2 of the act specifically provides a system whereby the Board of Assessment Appeals can file a claim at the audit of a decedent's estate. This was the procedure pursued by the present board of assessment.

Subject to distributions heretofore properly made and subject to the views expressed in this adjudication, the net ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

Power and authority are given the accountant to make the necessary assignments and transfers of the unconverted investment securities herein awarded in kind.

The account is confirmed and it is ordered and decreed that Mary O. Hovey, administratrix c.t.a., as aforesaid, forthwith pay the distributions herein awarded.

## ORDER

And now, June 4, 1974, this adjudication is confirmed nisi.