# Lewis Estate

*Niles Anderson* and *Edmund W. Ridall, Jr.,* for school district.

*David W. Craig* and *J. Howard Devlin,* for City of Pittsburgh.

*Wilbur C. Douglass,* for Allegheny County.

*William A. Meyer* and *William G. Doyle,* for estate.

RAHAUSER, J., OCTOBER 31, 1961.—James G. Lewis, Jr., died on October 5, 1959. He had not filed personal property tax returns for the years 1954 to 1959, inclusive. A personal property tax return was filed by executrix of decedent's estate in 1960, and the county personal property taxes for 1960 and 1961 have been paid.

On September 18, 1961, the County of Allegheny made an assessment against decedent's estate for personal property taxes for the years 1954 through 1959, and the City of Pittsburgh and the School District of the City of Pittsburgh made similar assessments for the years 1954 to 1960, inclusive. The estate does not contest liability for all three such taxes for the years 1956, 1957, 1958 and 1959.

The executrix of this estate claims that under the decision in Erie County v. Sterling, 319 Pa. 568, the taxing bodies are limited in their assessment of personal property taxes against decedents' estates to the five-year period preceding the year of the assessment. Since the questioned assessments in this case were made in 1961, the executrix contends that the estate is not liable for personal property taxes for any year prior to 1956, and that the claims of each of the taxing bodies for 1954 and 1955 should be disallowed.

The city contends that its 1954 and 1955 personal property taxes were properly assessed under the provisions of the Act of June 7, 1961, P. L. 249, 53 PS §6851, effective on that date. The executrix contends that this statute is not applicable because decedent died prior to its enactment and the statute does not purport to be retroactive. The 1961 statute, above referred to, reads as follows:

"Any assessment of a tax on personal property of a decedent shall include all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or

years not exceeding five (5) years prior to the year in which the decedent died."

It is the opinion of the auditing judge that the said Act of 1961 applies to any *assessment* of a tax on personal property of a decedent filed subsequent to June 14, 1961; the date of death of decedent against whose estate the tax is assessed does not limit the statute. This is not the imposition of a new tax, but rather a provision for the collection of a tax which should have been paid by decedent in his lifetime. The same question as is here involved was raised in the Estate of Bryant F. Kennedy, No. 5309 of 1955, as to the application of the Act of June 28, 1957, P. L. 401, amending subsection A of section 1 of the Act of June 25, 1947, P. L. 1145, 53 PS §6851, subsec. A. This amendment, which became effective on June 28, 1957, reads as follows:

"Any assessment of a tax on personal property of a decedent shall include all property owned, held or possessed by the decedent, which should have been returned by him for taxation for any former year or years not exceeding five (5) years."

It was contended in the Kennedy case that since Mr. Kennedy died in 1955, the said act of 1957 should not be applied to his estate. However, Judge Boyle of this court overruled this contention and allowed the claim of the city for personal property taxes for the years 1952 through 1955. Under the decisions in Morrow Estate, 390 Pa. 422, and Nolan Estate, 390 Pa. 426, the claims of the city would not have been allowed in the absence of the curative Act of 1957, which Judge Boyle applied to the Kennedy Estate even though Mr. Kennedy died in 1955.

Curative statutes relating to the collection of taxes, which operate retroactively, were approved in Malicks' Petition, 137 Pa. Superior Ct. 139. The act of

1961, above quoted, is clearly a curative statute. It closes an obvious gap in the former statutes, as interpreted by the appellate courts, by eliminating the possibility that a decedent's estate will escape a personal property tax for one or more of the five years immediately preceding the date of his death because of the failure to assess such a tax promptly after his death. Such tardy assessment could readily occur if the personal representative of decedent's estate did not file an inventory or personal property tax return within the period required by law, as frequently happens.

The School District of the City of Pittsburgh relies on the Act of June 14, 1961, P. L. 369, 24 PS §581.8, in support of its claim against this estate for personal property taxes for the years 1954 and 1955. The County of Allegheny relies on the Act of April 28, 1961, P. L. 128, 72 PS §4844.2, in support of its claim for such taxes for the years 1954 and 1955. The language of each of the 1961 statutes above cited is similar and the above discussion of the statute relating to city personal property taxes is applicable to the school district and county personal property taxes. The claims submitted by all three of these taxing bodies will be allowed for personal property taxes for the years 1954 and 1955, as well as for the years 1956 through 1959, which are not contested.

The executrix of this estate contends that the estate is not liable for the personal property tax assessed by the City of Pittsburgh for the years 1960 and 1961, because decedent died in 1959, and the executrix of this estate was not a resident of the city during those years, although the securities sought to be taxed are located within the city. The auditing judge is of the opinion that this contention of executrix is correct. The situs of personal property such as securities is

determined by the domicile of the legal title holder: Dorrance's Estate, 333 Pa. 162.

The claim of the City of Pittsburgh for personal property taxes for the years 1960 and 1961 is based on the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, which reads in pertinent part as follows:

"A. The duly constituted authorities of the following political subdivisions, cities of the second class . . . may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine . . . on . . . personal property within the limits of such political subdivisions. . . ."

The above-quoted statute does not purport to authorize the imposition of a personal property tax against the estate of a decedent who resided in the City of Pittsburgh at the date of his death, notwithstanding the residence of executor or administrator or the place where the securities are kept, although there is such a provision in the Personal Property Tax Act of June 20, 1947, P. L. 733, as amended, for First Class School Districts: 24 PS §581.3. The desirability of amending the Act of 1947 was pointed out by Judge Cox of this court in Dillinger Estate, 83 D. & C. 445, 457.

The auditing judge is of the opinion that the doctrine of mobilia sequuntur personam applies to this case, and since the executrix is a nonresident of the City of Pittsburgh the situs of the securities of this estate was outside the City of Pittsburgh in 1960 and 1961, and accordingly these securities were not subject to the claim of the city for 1960 and 1961.

In the absence of statutory language authorizing the city to assess a personal property tax against a decedent's estate on the basis of the residence of decedent, this claim of the City of Pittsburgh for per-

sonal property taxes for the years 1960 and 1961 will be disallowed.

Since the City of Pittsburgh School District is a school district of the first class A, and is authorized by the statute above cited to impose a personal property tax on the estate of a decedent who resided in the school district at the time of his death, the claim of the school district for the 1960 personal property tax will be allowed; the 1961 personal property tax assessed by the school district has been paid.

A decree will be entered in accordance with this opinion.